**Exhibit D**

RE HDL - Notice of Intent to Serve Subpoenas
From: Dobbie, Mary Chris (CIV) <Mary.Chris.Dobbie@usdoj.gov>
Sent: Friday, January 13, 2017 9:48 AM
To: Brad Banias; Frate1, Anne (USASC) [Contractor]; Aldrich, Jennifer (USASC); bdunphy@mintz.com; Bill Coates; Bill Tuck; Christopher R.; Chris Kovach; Davis, Jennifer (CIV); M. Dawes Cooke; 'Douglas E. Roberts'; Eric Buescher; Hendrix, Lamine (CIV); HSFoster@mintz.com; James Wyatt; John Kassel; Joseph Griffith; Kass, Michael D. (CIV); Leventis Jr., James C. (USASC); Marc S. Raspanti; Matt Hubbell; mdlevitt@mintz.com; msgardener@mintz.com; Nekki Shutt; Niall McCarthy; Nicholas J.; P.A.; Pamela C. Brecht; Peter Chatfield; Shaheen, Michael E. (CIV); Strawn, Elizabeth (CIV); tshefler@pcsf.com
Cc: Nekki Shutt; Louis Lang; Tom Gressette (Gressette@WGFLLAW.com)
Subject: RE: HDL - Notice of Intent to Serve Subpoenas

Mr. Banias:

Thanks for your email and new proposal.

First, the subpoenas issued to Ms. Garrett and to Pinnacle Consulting concern not only financial
discovery permitted by Court pursuant to the FDCPA but also to relevant discovery in the underlying FCA
case. Specifically, Requests #1-10 pertain to Defendant BlueWave alone and concern relevant discovery
for the FCA case. Accordingly, the United States will not agree to any delay in the production of
documents responsive to Requests #1-10 of the Ms. Garrett and Pinnacle Consulting subpoenas nor
does it agree that such discovery falls within the ambit of the financial discovery permissible under the
FDCPA.

Second, while we appreciate your offer to save us all unnecessary litigation, we cannot agree to your
new proposal because we do not believe that such efforts will realistically be halted by a brief two-week
reprieve from which we do not anticipate any Court order. The Court granted the United States
financial discovery and thus the United States is entitled to the documents, absent a stay or other order
from a Court. That being said, responsive documents are not due until January 28 which is after oral
argument on January 26. Thus, to the extent any tea leaves can in fact be read, we are always willing to
converse with you after the argument but before production has been made. In the meantime, though,
the United States seeks the discovery to which it is entitled.

RE HDL - Notice of Intent to Serve Subpoenas

Regards,
Mary Chris Dobbie

From: Brad Banias [mailto:bbanias@barnwell-whaley.com]
Sent: Tuesday, January 10, 2017 11:17 AM
To: Frate1, Anne (USASC) [Contractor] <Anne.Frate1@usdoj.gov>; Aldrich, Jennifer (USASC)
<Jennifer.Aldrich@usdoj.gov>; bdunphy@mintz.com; Bill Coates <wac@roecassidy.com>; Bill Tuck
<Bill@attorneywilliamjtuck.com>; Christopher R. <CHall@saul.com>; Chris Kovach <ckovach@barnwell-
whaley.com>; Davis, Jennifer (CIV) <jendavis@CIV.USDOJ.GOV>; M. Dawes Cooke <mdc@barnwell-
whaley.com>; Dobbie, Mary Chris (CIV) <madobbie@CIV.USDOJ.GOV>; 'Douglas E. Roberts'
<DER@Pietragallo.com>; Eric Buescher <ebuescher@cpmlegal.com>; Hendrix, Lamine (CIV)
<lhendrix@CIV.USDOJ.GOV>; HSFoster@mintz.com; James Wyatt <jwyatt@wyattlaw.net>; John Kassel
<jkassel@kassellaw.com>; Joseph Griffith <joegriffithjr@hotmail.com>; Kass, Michael D. (CIV)
<mkass@CIV.USDOJ.GOV>; Leventis Jr., James C. (USASC) <James.Leventis@usdoj.gov>; Marc S.
Raspanti <MSR@Pietragallo.com>; Matt Hubbell <matt@matthubbell.com>; mdlevitt@mintz.com;
msgardener@mintz.com; Nekki Shutt <nekkishutt@callisontighe.com>; Niall McCarthy
<NMcCarthy@cpmlegal.com>; Nicholas J. <NNastasi@saul.com>; P.A.
<beattie@beattieashmore.com>;
Pamela C. Brecht <PCB@Pietragallo.com>; Peter Chatfield
<peter@phillipsandcohen.com>; Shaheen,
Michael E. (CIV) <mshaheen@CIV.USDOJ.GOV>; Strawn, Elizabeth (CIV) <EStrawn@civ.usdoj.gov>;
tshefler@pcsf.com
Cc: Nekki Shutt <NekkiShutt@callisontighe.com> (NekkiShutt@callisontighe.com)
<NekkiShutt@callisontighe.com>; louislang@callisontighe.com; Tom Gressette
(Gressette@WGFLLAW.com) <Gressette@WGFLLAW.com>
Subject: RE: HDL - Notice of Intent to Serve Subpoenas

Ms. Dobbie:

I hope this email finds you doing well. I have reviewed the new FDCPA subpoenas to Kristi Garrett,
Pinnacle Consulting, Inc., and Thomas Ross, and I have discussed them with my clients, the attorneys for
the parties-in-interest, and the non-parties named in the subpoenas.

As we noted in our October 14, 2016 email, it remains our position that, if granted, our pending motion

to stay FDCPA discovery  would preclude service of these subpoenas.  Similarly, it is our position that, if
we win our appeal, the government was never entitled to seek any FDCPA discovery and the
government will have to turn over all such responses.  In October 2016, we offered a compromise to
your first set of post-appeal FDCPA subpoenas.  We suggested that, in an effort to protect everyone's
interests, you serve these subpoenas (and any others you may also have) but direct the recipients to
send the documents to Barnwell Whaley, where we would hold all of the responses in trust, and
depending on the outcome of the outstanding motions and appeal, we would act accordingly.  You
refused our proposal, and you served the FDCPA subpoenas.

As our position has not  changed we are willing to make the same offer for these subpoenas.  Or, in the
alternative, I believe objections to the subpoenas are due on January 19, 2017.  One week later there
will be oral argument on our appeal at the Fourth Circuit.  Though I am loathe to read too much into oral
argument, I think it will inform both sides on whether the government is entitled to act or to seek
discovery under the FDCPA.  So, if you are willing, we would ask for a two week extension of the 14 day
deadline to move to quash, stay, or object to the subpoenas.  This would allow everyone to take into
account what happens at argument before spending the resources on filing new motions.

But if the government cannot agree to either alternative, the parties and non-parties in interest
(BlueWave, Dent, Johnson, WarHorse, and Mrs. Dent) will move the court to stay all FDCPA discovery
pending appeal and, though I am not authorized to speak for them, I believe the non-parties named in
the subpoenas intend to object and move to quash in the jurisdictions of compliance.  All such parties
are also likely to object as these subpoenas will duplicate information which the government already
has.

Please let me know your position.

Thanks,

Brad

RE HDL - Notice of Intent to Serve Subpoenas

Bradley B. Banias
Barnwell Whaley Patterson & Helms LLC
843.577.7700
Bio | Blog | vCard


From: Frate1, Anne (USASC) [Contractor] [mailto:Anne.Frate1@usdoj.gov]
Sent: Wednesday, January 04, 2017 4:57 PM
To: Aldrich, Jennifer (USASC); bdunphy@mintz.com; Bill Coates; Bill Tuck; Brad Banias; Christopher R.;
Chris Kovach; Davis, Jennifer (CIV); M. Dawes Cooke; Dobbie, Mary Chris (CIV); 'Douglas E. Roberts';
Eric Buescher; Frate1, Anne (USASC) [Contractor]; Hendrix, Lamine (CIV); HSFoster@mintz.com; James
Wyatt; John Kassel; Joseph Griffith; Kass, Michael D. (CIV); Leventis Jr., James C. (USASC); Marc S.
Raspanti; Matt Hubbell; mdlevitt@mintz.com; msgardener@mintz.com; Nekki Shutt; Niall McCarthy;
Nicholas J.; P.A.; Pamela C. Brecht; Peter Chatfield; Shaheen, Michael E. (CIV); Strawn, Elizabeth (CIV);
tshefler@pcsf.com
Subject: HDL - Notice of Intent to Serve Subpoenas

Counsel,

Please see the 3 attached subpoenas directed to Thomas Ross, Kristi Garrett and Pinnacle Consulting,
Inc.

Sincerely,

Anne M. Frate
Paralegal (Contractor)
U.S. Attorney's Office
District of South Carolina
1441 Main Street, Suite 500
Columbia, South Carolina 29201
803-929-3123