IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *et al.*,<br><br>    Plaintiffs,<br><br>*ex rel.* Scarlett Lutz, *et al.*,<br><br>    Plaintiffs-Relators,<br><br>v.<br><br>Berkeley Heartlab, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 9:14-cv-00230-RMG<br>(Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2458-RMG)<br><br>**ORDER and OPINION** |

This matter is before the Court on Plaintiff United States of America's motion to compel Defendants BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, the "BlueWave Defendants") to produce "all information in their custody and control relating to the communications they received from counsel regarding the conduct at issue in this case, including but not limited to all relevant information currently in the possession of the following lawyers and law firms: (1) Gene Sellers and other attorneys at the Law Offices of Gene Sellers; (2) John Galese and other attorneys at the Law Offices of Galese & Ingram, P.C.; (3) attorneys at Balch & Bingham LLP; and (4) attorneys at White Arnold & Dowd, P.C." (Dkt. No. 350 at 2.) For the reasons set forth below, the motion is **GRANTED**.

I. **Background**

The Government has filed a complaint in intervention against the BlueWave Defendants and Tonya Mallory alleging violations of the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. (Dkt. No. 75.) The alleged FCA violations arise from

BlueWave's marketing of laboratory tests for two laboratory companies, Health Diagnostic Laboratory, Inc. ("HDL"), and Singulex, Inc. ("Singulex"), between 2010 and 2015. The Government has alleged that Defendants violated the FCA when they engaged in multiple kickback schemes to induce physicians to refer blood samples to HDL and Singulex for large panels of blood tests, many of which were medically unnecessary. The Government's allegations detail three illegal kickback schemes: (1) receiving kickbacks from HDL and Singulex in exchange for recommending and arranging for referrals of federal beneficiaries to HDL and Singulex for testing; (2) offering and facilitating processing and handling fees to referring physicians to induce referrals of federal beneficiaries to HDL and Singulex; and (3) waiving co-payments owed by TRICARE beneficiaries to induce those patients to be tested by HDL and Singulex. (Dkt. No. 75.) The Government alleges that the kickback schemes violated the Anti-Kickback Statute, resulted in false claims submitted to the Medicare and TRICARE programs, and caused the Government to pay HDL more than $330 million. Prior to this lawsuit, the United States issued a Civil Investigative Demand upon the Defendants in December 2013 in connection with an investigation by the Office of Inspector General ("OIG"). (Dkt. No. 366 at 6.)

In their Amended Answer, the BlueWave Defendants asserted several affirmative defenses, including good faith reliance on advice of counsel:

> Defendants BlueWave, Dent, and Johnson acted in good faith reliance on counsel, including, but not limited to, the legal opinions/advice of attorney Gregory B. Root dated December 27, 2007 and January 2, 2008, the legal opinion/advice of attorney Michael F. Ruggio dated April 27, 2012 (said opinion attached hereto and incorporated herein by reference as Exhibit A), and the advice of attorney Gene Sellers with respect to BlueWave's contracts with HDL, Singulex and its independent contractors.

(Dkt. No. 267 at 25.) In March 2016, the Government served its First Set of Document Requests on the BlueWave Defendants, seeking information related to the advice and opinions that the

BlueWave Defendants solicited and received from counsel regarding the kickback schemes outlined above while those schemes were ongoing. (Dkt. No. 350-1 at 6.) Specifically, the Government seeks documents and communications relevant to advice the BlueWave Defendants received from counsel from 2008 through July 2014 (for the processing and handling fee scheme) and from 2008 through January 2015 (for the sales contracts and waiver of copays and deductibles schemes). (Dkt. No. 372 at 3 n.1.) The Government is not seeking any discovery from the BlueWave Defendants' current trial counsel.

The parties disagree about whether the BlueWave defendants have waived attorney-client privilege with regard to communications about the conduct at issue in this case for counsel who advised them during the OIG investigation that began in 2012. The Government contends that by asserting affirmative defenses based on good faith reliance on counsel, the BlueWave Defendants have "not only waived any claims of attorney-client privilege as to the advice upon which they plan to rely in defending this case, they also waived the protections afforded by the attorney-client privilege as to *all* information regarding: (1) the sales contracts BlueWave entered into with HDL and Singulex; (2) the P&H fees; and (3) the waiver of TRICARE copays and deductibles." ((Dkt. No. 350-1 at 6-7) (emphasis in original)). The BlueWave Defendants argue that they have not waived their attorney-client privilege with regard to litigation-related documents and communications with former counsel who advised them during the OIG investigation. (Dkt. No. 366 at 13.)

## II. Scope of Discovery

Rule 26(b)(1) outlines the scope of discovery:

[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may object that a document production request exceeds the scope of discovery permitted by Rule 26(b)(1); that it should be denied for the grounds stated in Rule 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). To the extent that the items at issue are relevant and properly discoverable, taking into consideration the proportionality factors under Rule 26(b)(2)(C), and to the extent that they have not been produced, a court should grant a motion to compel, but if the items are not relevant or discoverable, the motion should be denied. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012). Whether or not to grant a motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or formal legal counsel. *See Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) (ruling that a party has control of documents where a party's attorney or former attorney has control, custody, or possession of

those documents); *see also Poole ex re. Elliott v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000) (holding that "documents in the possession, custody or control of a party's attorney or former attorney are within the party's control for the purposes of Rule 34").

### III.   Attorney-Client Privilege Waiver

In the Fourth Circuit, the attorney-client privilege exists when

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003), *quoting United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam) (omitting internal citations). The party asserting the privilege, in this case the BlueWave Defendants, must "establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *Id.*, 341 F.3d at 335 (quoting *Jones*, 696 F.2d at 1072) (internal quotation marks and citations omitted).

A party can waive the attorney-client privilege by "asserting reliance on the advice of counsel as an affirmative defense, thereby placing that advice directly at issue." *Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 724 (N.D.W. Va. 2014). When a party asserts an advice of counsel defense, he waives the attorney-client privilege as to the entire subject matter of that defense: "Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *XYZ Corp. v. United States*, 348 F.3d 16, 24 (1st Cir. 2003). Even if a defendant claims to have

-5-

relied on the legal advice of one attorney, any relevant advice he received from other attorneys is also discoverable because it "bears on the issue of their reasonable reliance." *In re Gaming Lottery Sec. Litig.*, No. 96 CIV. 5567, 2000 WL 340897, at *2 (S.D.N.Y. Mar. 30, 2000).

Courts in this Circuit have found that when a party asserts an advice of counsel defense that the privilege waiver applies to advice received during the entire period the misconduct is alleged to have been ongoing – even up to and during trial. *See AKEVA L.L.C. v. Mizuno Corp*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003) ("[O]nce a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement. Consequently, the waiver of attorney-client privilege or work-product protection covers all points of time, including up through trial."); *LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc.*, 490 F. Supp. 2d 681, 688 (E.D. Va. 2007) (ordering Defendant to produce communications from trial counsel after Defendants asserted an advice of counsel defense, because "excluding trial counsel from the scope of the waiver would permit a party to use the attorney-client privilege as both a sword and a shield").

Here, the Government has alleged that the conduct at issue took place from 2008 through July 2014 (with regard to the processing and handling scheme) and from 2008 through January 2015 for the sales contracts and waiver of copays and deductibles schemes. By pleading an affirmative advice of counsel defense to the Government's complaint[1], Defendants placed their communications with counsel at issue and so waived attorney-client privilege as to all

---

[1] Defendants assert in their Response that "The advice of counsel defense contemplated . . . is for business and planning opinion advice received in 2010 through 2012 *before* setting off on the course of conduct which later precipitated the OIG investigation and the filing of the instant suit." ((Dkt. No. 366 at 8-9) (emphasis in original).) Defendants cannot narrow the scope of their affirmative defense in their briefings on this motion to compel when the defense asserted in their amended answer was not so limited. (Dkt. No. 267 at 25.)

-6-

information relating to their communications with counsel during the OIG investigation about the conduct at issue in this case.

## IV.    Work Product Waiver

The Government has requested information solely within the control of the BlueWave Defendants' former counsel, and the BlueWave Defendants have objected to those requests based on attorney-client privilege *and* the work product protection. In contrast to the attorney-client privilege, the work product doctrine protects "documents and tangible things" prepared in anticipation of litigation that are both non-privileged and relevant. Fed. R. Civ. P. 26(b)(3). "The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006). The assertion of an advice of counsel defense can waive the work product protection. *See JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323, 336 (N.D.W. Va. 2013). Some courts have found that, when a party asserts an advice of counsel defense, the work product waiver only applies to work product that has been communicated to the party asserting the affirmative defense:

> Finally, in explaining the scope of the waiver of attorney-client privilege and work product immunity, *EchoStar*, 448 F.3d at 1303 n.4, the Federal Circuit cited favorably to *Akeva, supra*, which held that "all opinions received by the client relating to infringement must be revealed, even if they come from defendants' trial attorneys ...." *Akeva*, 243 F. Supp. 2d at 423. The reasoning of the *EchoStar* opinion, as well as the supporting citation to *Akeva*, indicates that the Federal Circuit would extend this waiver to all attorney/client relationships, irrespective of whether it involves trial counsel or not. *Beck*, 2006 WL 2037356, *5, 2006 U.S. Dist. LEXIS 53963, at *16 n. 1. Simply stated, if there are previously privileged trial counsel materials that would shed light on MTF's state-of-mind concerning continuing willful infringement, those documents and memoranda are discoverable. "It is what the alleged infringer knew or believed ... that informs the court of an infringer's willfulness," *EchoStar*, 448 F.3d at 1303, regardless of who conveyed the information.

*LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc.*, 490 F. Supp. 2d 681, 689 (E.D. Va. 2007). Other courts have found that, when a party asserts an advice of counsel defense, the waiver of the work product protection extends to "uncommunicated work product." *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1189-90 (E.D. Cal. 2001) (listing cases). In this case, the Court finds this second group of decisions more compelling because to oppose the BlueWave Defendants' advice of counsel defense, the Government must be able to discover the following about the relevant contracts and kickback schemes:

> discover the information that was conveyed by [Defendants] to counsel and vice-versa; discover what facts were provided by [Defendants] to [their counsel]; discover what facts [Defendants' counsel] may have obtained from any other sources other than Defendants; discover the legal research conducted by and considered by [Defendants' counsel]; discover the opinions that [Defendants' counsel] gave [Defendants] and discover whether [Defendants] selectively ignored any of the facts and opinions given [them] by [their counsel] in reaching a decision. . .

*JJK*, 292 F.R.D. at 337–38. For this reason, the Court considers the scope of the work product waiver in this case to extend to uncommunicated work product.

### V.     Bankruptcy Litigation

The HDL bankruptcy litigation pending in Virginia has no impact on the disposition of this motion to compel. (Dkt. No. 366 at 11-12.) HDL's bankruptcy litigation implicated privilege issues with regard to the Government's previous motion to compel against Defendant Mallory only because she was the former CEO of HDL. The BlueWave Defendants have no such connection to the HDL bankruptcy litigation.

### VI.    Conclusion

For the reasons set forth above, the Government's motion (Dkt. No. 350) to compel production of documents by the BlueWave Defendants is **GRANTED**. The BlueWave Defendants are ordered to produce all documents in their custody and control relating to the

communications they received from counsel about the conduct at issue in this case, including information currently in the possession of their former counsel.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April  5 , 2017
Charleston, South Carolina