IN THE UNITED STATES DISTRICT COURT CLERK'S OFFICE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION    2017 AUG -9 P 3: 43

| | |
|---|---|
| United States of America, *et al.*, | ) Civil Action No. 9:14-cv-00230-RMG |
| | ) (Consolidated with 9:11-cv-1593-RMG and |
| Plaintiffs, | ) 9:15-cv-2458-RMG) |
| | ) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) |
| | ) **ORDER and OPINION** |
| Plaintiffs-Relators, | ) |
| | ) |
| v. | ) |
| | ) |
| Berkeley Heartlab, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a Motion to Reconsider (Dkt. No. 518) filed by BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, "the BlueWave Defendants"), asking this Court to reconsider its Order (Dkt. No. 507) excluding the proffered expert testimony of Daniel Mulholland. The Government has filed a response in opposition. (Dkt. No. 524.) For the reasons set forth below, the BlueWave Defendants' Motion for Reconsideration (Dkt. No. 518) is denied.

**I.    Background**

On June 29, 2017, this Court issued an order excluding the proffered testimony of Daniel Mulholland, an expert the BlueWave Defendants engaged to opine on whether certain guidance documents issued by the Government would have put the Defendants and/or their attorneys on notice that process and handling fees paid by a laboratory implicated or violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"). (Dkt. No. 507 at 2.) This Court determined that Mulholland's proffered testimony was inappropriate expert testimony because it would usurp the role of the Court to instruct on the law and the role of the jury to apply the law to the

-1-

facts. The Court also found that Mulholland's proffered testimony was not based on a reliable methodology because Mulholland limited his review to only a selection of documents instead of the full range of sources from which the BlueWave defendants could have acquired knowledge about the legality of the relevant practices. (Dkt. No. 507 at 5-7.)

## II. Legal Standard

In the Fourth Circuit, motions to reconsider are granted under a narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

## III. Discussion

In their Motion to Reconsider (Dkt. No. 518), the BlueWave Defendants essentially argue that the AKS issues to be presented at trial are so complex that the jury needs the benefit of Mr. Mulholland's expertise to navigate them. This Court considers motions to reconsider that draw its attention to an intervening change in the law, new evidence not available at trial, a clear error of law, or a manifest injustice. The BlueWave Defendants' Motion to Reconsider does none of these things. Instead, it contains pages of argument culminating with the claim that "the line between permissible reimbursement and illegal kickbacks was […] complicated" and is relevant to scienter in this case. (Dkt. No. 518 at 9.)

The BlueWave defendants argue that Mulholland's methodology is reliable because he only intends to testify about the impact of government guidance on Defendants' knowledge. Defendants did not even attempt to grapple with the Court's decision that this methodology is insufficient when Mulholland intends to testify about the Defendants' scienter, an ultimate issue in this case. Testimony about a Defendant's scienter that relies on a limited universe of

documents would be unacceptably confusing to a jury because it would ask them to consider a hypothetical reality in which Defendants had access to only certain information.

Defendants also cite to the Fourth Circuit's decisions in *United States v. Offill*, 666 F.3d 168 (4th Cir. 2011), and *United States v. Barile*, 286 F.3d 749, 762 (4th Cir. 2002), where expert testimony was held to be appropriate to describe how securities markets work and to provide an opinion on the reasonableness of certain disclosures made under the Federal Food, Drug, and Cosmetic Act. The Court sees no clear analogy between the expert testimony discussed in those cases and the expert testimony Defendants seek to provide here: an attorney's opinion about whether certain government guidance was sufficient to give Defendants the requisite scienter to violate the AKS.

### IV. Conclusion

For the reasons set forth above and in this Court's previous order (Dkt. No. 507), the BlueWave Defendants' Motion to Reconsider (Dkt. No. 518) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 9, 2017
Charleston, South Carolina