**IN THE UNITED STATES DISTRICT COURT** RECEIVED CLERK'S OFFICE
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, *et al.*, ) | Civil Action No. 9:14-cv-00230-RMG |
| ) | (Consolidated with 9:11-cv-1593-RMG, and |
| Plaintiffs, ) | 9:15-cv-2458-RMG) |
| ) | |
| *ex rel.* Scarlett Lutz, *et al.*, ) | |
| ) | **ORDER and OPINION** |
| Plaintiffs-Relators, ) | |
| ) | |
| v. ) | |
| ) | |
| Berkeley Heartlab, Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a Motion to Reconsider (Dkt. No. 525) filed by BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, "the BlueWave Defendants"), asking this Court to reconsider its Order (Dkt. No. 509) excluding the proffered expert testimony of Jessica Schmor. The Government has filed a response in opposition. (Dkt. No. 526.) For the reasons set forth below, the BlueWave Defendants' Motion for Reconsideration (Dkt. No. 525) is denied.

**I.     Background**

On June 29, 2017, this Court issued an order excluding the proffered testimony of Jessica Schmor, an expert the BlueWave Defendants engaged to opine on the "coding, billing and reimbursement of the [Current Procedural Terminology] Code 99000 - handling and/or conveyance of specimen for transfer from the office to a laboratory." (Dkt. No. 441 at 3.) The BlueWave Defendants intended to have Schmor testify as to her opinion that Code 99000 billed by physicians should not have resulted in financial damages and that the Government may have inflated damages due to improper inclusion of claims. This Court determined that Schmor's

proffered testimony that medical providers are not paid twice for the same services when they receive a fee from a third- party laboratory and Medicare reimbursement for Evaluation and Management services is not based on sufficient facts or data. (Dkt. No. 509 at 8.)

Schmor also challenged Eric Hines's expert opinion on damages to the extent that he included Code 99000 in his analysis. The Court found that because Hines clarified in his rebuttal that he did not use Code 99000 in his analysis, and Schmor said during her deposition that she would have no opinion if this was the case, her opinion was inadmissible because it was irrelevant and would not be helpful to a jury. (*Id.* at 509.) Schmor's opinion about the Government's damages calculation was likewise inadmissible because it also assumed that Code 99000 was used in those calculations. (*Id.*)

## II.    Legal Standard

In the Fourth Circuit, motions to reconsider are granted under a narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

## III.   Discussion

In their Motion to Reconsider (Dkt. No. 525), the BlueWave Defendants argue at length that Ms. Schmor is knowledgeable about how the Medicare Physician Fee Schedule reimbursements are calculated and that, without her testimony, "the jury will lose the opportunity to learn about coding, billing, and reimbursement policy." (Dkt. No. 525 at 6.) The Motion to Reconsider does not point to any intervening change in the law, new evidence, or clear error of law in this Court's order. Instead, it reargues issues that the parties previously briefed and that this Court has already considered. A motion to reconsider is not the proper vehicle to notify that Court that the BlueWave Defendants disagree with the Court's previous order.

## IV. Conclusion

For the reasons set forth above and in this Court's previous order (Dkt. No. 509), the BlueWave Defendants' Motion to Reconsider (Dkt. No. 525) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August ___9___, 2017
Charleston, South Carolina