IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *et al.*, | ) Civil Action No. 9:14-cv-00230-RMG |
| | ) (Consolidated with 9:11-cv-1593-RMG and |
| Plaintiffs, | ) 9:15-cv-2458-RMG) |
| | ) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) |
| | ) **ORDER and OPINION** |
| Plaintiffs-Relators, | ) |
| | ) |
| v. | ) |
| | ) |
| Berkeley Heartlab, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a Motion to Reconsider (Dkt. No. 551) filed by BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, "the BlueWave Defendants"), asking this Court to reconsider its Order (Dkt. No. 527) excluding the proffered expert testimony of Curtis Udell. The Government has filed a response in opposition. (Dkt. No. 556.) For the reasons set forth below, the BlueWave Defendants' Motion to Reconsider (Dkt. No. 551) is denied.

### I. Background

On July 12, 2017, this Court issued an order excluding the proffered testimony of Curtis Udell because he relied on a charge-based methodology to support his opinion that the Processing and Handling fees paid by the laboratories were consistent with the Fair Market Value of those services. The Court explained in detail the reasons why a charge-based methodology is not a reliable methodology for determining the Fair Market Value of physician services. (Dkt. No. 527 at 7-11.)

## II. Legal Standard

In the Fourth Circuit, motions to reconsider are granted under a narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

## III. Discussion

In their Motion to Reconsider (Dkt. No. 551), the BlueWave Defendants reargue Mr. Udell's opinion that physician charges represent a physician's expectation of payment. They also argue at length that charges are at least relevant to the value of physician services, but they ignore the Court's actual ruling that a methodology used to determine the Fair Market Value of physician services based almost exclusively on charges is unreliable and would be misleading to a jury.

The Motion to Reconsider does not point to any intervening change in the law, new evidence, or clear error of law in this Court's order. Instead, it reargues issues that the parties previously briefed and that this Court has already considered. A motion to reconsider is not the proper vehicle to notify that Court that the BlueWave Defendants disagree with the Court's previous order.

## IV. Conclusion

For the reasons set forth above and in this Court's previous order (Dkt. No. 527), the BlueWave Defendants' Motion to Reconsider (Dkt. No. 551) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August __9__, 2017
Charleston, South Carolina