# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| United States of America, *et al.*, | ) | Civil Action No. 9:14-cv-00230-RMG |
| --- | --- | --- |
| Plaintiffs, | ) ) ) | (Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2458-RMG) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) ) | |
| Plaintiffs-Relators, | ) ) | **ORDER and OPINION** |
| v. | ) ) | |
| Berkeley Heartlab, Inc., *et al.*, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on a motion filed by the United States of America pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 6.01 seeking an order amending the scheduling order for the sole purpose of extending the deadline to name witnesses to allow the United States to disclose Nicholas Pace as a witness the United States intends to call at trial. (Dkt. No. 582.) Latonya Mallory has filed a motion in opposition. (Dkt. No. 590.) BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, "the BlueWave Defendants") have likewise filed a motion in opposition. (Dkt. No. 592). The Government has filed a reply, and the BlueWave Defendants have filed a sur-reply. (Dkt. Nos. 594, 599). For good cause shown, as set forth below, the Government's motion to extend the discovery period to name Nicholas Pace as a witness is granted. The Government is hereby ordered to work diligently with Defendants to arrange for Mr. Pace's deposition immediately.

I. **Background**

The Government has filed a complaint in intervention against the BlueWave Defendants and Latonya Mallory alleging violations of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), and the False Claims Act ("FCA"), 42 U.S.C. § 3729. (Dkt. No. 75.) The alleged FCA violations arise from BlueWave's marketing of laboratory tests for two laboratory companies, Health Diagnostic Laboratory, Inc. ("HDL") and Singulex, Inc. ("Singulex"), between 2010 and 2015. The Government has alleged that Defendants violated the FCA when they engaged in multiple kickback schemes to induce physicians to refer blood samples to HDL and Singulex for panels of blood tests, many of which were medically unnecessary. For example, the Government alleges that Defendants offered and facilitated the payment of processing and handling ("P&H") fees to physicians to induce referrals in violation of the AKS and FCA.

II. **Facts**

The Government alleges that Pace was hired by HDL in 2013 and has "unique, crucial, and first-hand insight into Defendants' actions and mental state as they continued with the alleged conduct even after Defendants' attorneys advised Defendants to stop the kickback schemes." (Dkt. No. 582-1 at 2.) The Government alleges that Pace cautioned HDL about his compliance concerns with their practices and left HDL in late 2013 due to frustrations with the company's progress in making changes. (*Id.* at 3.)

The Government alleges that despite Mr. Pace's connections to this litigation, Defendants failed to disclose Mr. Pace in their initial Rule 26(a) disclosures or list Mr. Pace as an individual with knowledge relevant to their advice of counsel and good faith affirmative defenses. (*Id.*) The United States claims it only learned of Mr. Pace during the deposition of Derek Kung on May 22, 2017 and did not have the opportunity search for documents related to Mr. Pace until just before defendant Mallory's deposition on June 1, 2017 because of the issues with production

related to the HDL bankruptcy estate. Discovery closed on June 2, 2017. The Government represents that it began coordinating to interview Mr. Pace shortly after the close of discovery and notified Defendants of its intent to call Mr. Pace as a witness on July 26, 2017. (*Id.* at 4.)

## III. Legal Standard

### A. Rule 6(b)

The standard for a motion to amend a scheduling order to extend the deadline to identify witnesses when that deadline has already expired is as follows:

> While the court agrees that it can enlarge time contained in a Pretrial Order for good cause as provided by Rule 16 [it appears that] the more specific requirements of Rule 6(b)(1)(B) apply where, as here, a deadline has already run." *Anderson v. Caldwell County Sheriff's Office*, No. 1:09cv423, 2011 WL 198085, at *1 (W.D.N.C. Jan. 20, 2011); *see Colony Apartments v. Abacus Project Mgmt.*, 197 F. App'x. 217 (4th Cir. 2006). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides in pertinent part: "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Colony* 197 F. App'x at 223 (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1997)). Merely establishing these elements does not entitle a party to relief; rather, 'whether to grant an enlargement of time still remains committed to the discretion of the district court." *Id.*

*Johnson v. Murphy*, No. 4:10-cv-01494, 2011 WL 3099874 at *4 (D.S.C. July 22, 2011).

## IV. Discussion

The United States argues that it has shown excusable neglect because naming Mr. Pace as a witness at this time: (1) would not prejudice Defendants; (2) need not impact the judicial proceedings; (3) was a result of a reasonable delay due to Defendants' failure to disclose Mr. Pace during discovery. The Government claims that it acted in good faith by moving quickly to

investigate Mr. Pace's role in the alleged conduct and notifying Defendants shortly thereafter of the United States' intention to call Mr. Pace as a witness.

Defendant Mallory does not object to the Government calling Mr. Pace as a witness but contests its contention that she failed to disclose Pace. (Dkt. No. 590 at 1.) Mallory argues, for example, that in February 2017, James Leventis and Special Agent Corbett interviewed Anna McKean, a former employee of HDL, who told the government that HDL hired Pace to look at alternatives to P&H. (*Id.* at 6.)

In their opposition brief, the BlueWave Defendants argue that the Government cannot show excusable neglect under Rule 6(b) because the Government is to blame for its own failure to discover Mr. Pace until the last few weeks of discovery. (Dkt. No. 592 at 5.) The BlueWave defendants argue that (1) BlueWave produced 110 emails with Nick Pace as early as June 2016; (2) BlueWave named other HDL compliance employees in its initial disclosures in December 2016; and (3) the Government's delayed receipt of documents identifying Mr. Pace within the purview of the HDL bankruptcy estate was primarily the result of the Government's own failure to obtain internal approval for the waiver agreement that made it possible for those documents to be produced. The BlueWave Defendants argue that they will be prejudiced by an order allowing the Government to name Mr. Pace as a witness because even if they have the opportunity to depose Mr. Pace before trial, they do not have the opportunity at this late date to identify a counter witness, add exhibits, or designate additional depositions to protect themselves. (Dkt. No. 592 at 9.)[1]

---

[1] The BlueWave Defendants made some of these arguments to support their position that the Government has not met the requirements of Federal Rule of Civil Procedure 37(c)(1) which provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Court has considered the following factors to determine whether the Government has shown excusable neglect.

### A. Danger of Prejudice and Length of Delay

Allowing the Government to name Mr. Pace as a witness at this time will prejudice the BlueWave defendants because they will have to depose Mr. Pace in the twenty-six (26) days remaining before trial is scheduled to begin on September 18, 2017. Any prejudice is tempered substantially by the fact that Mr. Pace was an employee of HDL (a co-defendant in this matter) during the relevant time period to address compliance issues with P&H fees, the very conduct at issue in this litigation. The Court finds that twenty-six (26) days is a sufficient period of time for the BlueWave Defendants to depose Mr. Pace. Further, the BlueWave defendants have known that the Government intended to call Mr. Pace as a witness since July 26, 2017, seven (7) weeks and five (5) days before trial is scheduled to begin in this case.

### B. Reason for the Delay

Defendants claim that the Government would have acquired documents mentioning Mr. Pace sooner had the Government more expeditiously pursued the waiver agreement required for production of certain privileged HDL documents under the control of the HDL bankruptcy estate. It may be the case that the Government would have discovered Mr. Pace's role sooner had it obtained internal approval for the waiver agreement at an earlier date, but the Government had no way of knowing that those documents would alert them to the identity of Mr. Pace and his role in the litigation. Defendants' failure to name Mr. Pace in their disclosures was a substantial oversight given Mr. Pace's compliance position at HDL in 2013. Although Mallory and the BlueWave defendants list several informational exchanges that may have alerted the Government to Mr. Pace's role (e.g., a privilege log), Defendants are primarily responsible for the Government's late identification of Mr. Pace as a witness it intends to call at trial. Had

-5-

Defendants disclosed Mr. Pace in their initial Rule 26(a) disclosures or listed Mr. Pace as a person with knowledge relevant to their advice of counsel and good faith affirmative defenses in their answers to the Government's interrogatories, the Government would undoubtedly have named Mr. Pace as a witness.

### C. Good Faith

The Court finds that the Government acted in good faith by notifying Defendants promptly of its intent to call Mr. Pace as a witness after becoming aware of Mr. Pace's role in May 2017.

The Court has balanced all of these concerns and determined that the risk of prejudice to the BlueWave Defendants is mitigated substantially by the fact that Mr. Pace was an employee of their co-defendant HDL during the relevant period and had knowledge that is directly relevant to the issues at hand. This is not a situation in which a party is attempting name a third-party witness or a witness previously unknown to the opposing side on the eve of trial. Defendants cannot, under these circumstances, claim that they will be unfairly prejudiced by the Government's identification of a witness employed by HDL to consult on the very practices at issue in this litigation.

### V. Conclusion

For the reasons set forth above, the Government's motion to extend the scheduling order to name Mr. Pace is granted. The Government is hereby ordered to work diligently with Defendants to arrange for Mr. Pace's deposition immediately.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 1*7*, 2017
Charleston, South Carolina