# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *et al.*, | Civil Action No. 9:14-cv-00230-RMG |
| Plaintiffs, | (Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2458-RMG) |
| *ex rel.* Scarlett Lutz, *et al.*, | |
| Plaintiffs-Relators, | **ORDER and OPINION** |
| v. | |
| Berkeley Heartlab, Inc., *et al.*, | |
| Defendants. | |

This matter is before the Court on a motion by BlueWave Healthcare Consultants, Inc., Robert Bradford Johnson, and Floyd Calhoun Dent, III (collectively, "BlueWave") to compel Plaintiff, the United States of America to produce a witness from the Department of Health and Human Services, Office of Inspector General ("HHS-OIG"), for deposition examination pursuant to Rule 30(b)(6). (Dkt. No. 566.) The Government has filed two responses. (Dkt. Nos. 601 and 612.) For the reasons set forth below, defendant's motion to compel (Dkt. No. 566) is denied.

## I. Background

The Government has filed a complaint in intervention against the BlueWave Defendants and Latonya Mallory alleging violations of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), and the False Claims Act ("FCA"), 42 U.S.C. § 3729. (Dkt. No. 75.) The alleged FCA violations arise from BlueWave's marketing of laboratory tests for two laboratory companies, Health Diagnostic Laboratory, Inc. ("HDL") and Singulex, Inc. ("Singulex"), between 2010 and 2015. The Government has alleged that Defendants violated the FCA when they engaged in multiple kickback schemes to induce physicians to refer blood samples to HDL

and Singulex for large panels of blood tests, many of which were medically unnecessary. For example, the Government alleges that Defendants offered and facilitated the payment of processing and handling ("P&H") fees to physicians to induce referrals in violation of the AKS and FCA.

## II. Facts

The BlueWave defendants claim that the Government agreed to but has since refused to proffer an HHS-OIG witness to cover topics 16 and 18:

> 16. For the time period of 2010-2014, HHS, CMS, and DHA knowledge of the payment of P&H Fees to physicians by HDL and Singulex, independent contractor agreements between BlueWave and HDL and Singulex, and HLD's and Singulex's policies or practices for waiving co-payments and/or deductibles.
>
> 18. For the time period of 2010-2016, any HHS, CMS and DHA knowledge regarding the general concept or practice of P&H fees by independent laboratories, and related P&H time and motion studies or valuations by independent laboratories other than Berkeley, HDL, Quest or Singulex.

The Government argues that it never agreed to provide a witness from HHS-OIG to cover these topics and the BlueWave defendants have no valid grounds for their motion to compel.

## III. Legal Standard

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that, "a party may name as a deponent a public or private corporation, a partnership, an association, a government agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6).

Rule 37(a) governs motion to compel discovery responses. Rule 37(a)(3)(B) provides that a party may move for an order compelling an answer, designation, production or inspection if a deponent fails an answer a question asked under Rule 30 or 31 or a corporation or other entity

fails to make a designation under Rule 30(b)(6). For purposes of this subdivision (a), an evasive or incomplete answer, or response will be treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4). The burden on a party resisting discovery must show specifically how each discovery request is not relevant or is otherwise objectionable. *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990).

**IV.    Discussion**

The Government argues that it never agreed to provide a witness from HHS-OIG to cover topics 16 and 18 because HHS-OIG has no responsibility for making payment decisions. The Centers for Medicare and Medicaid Services ("CMS") and the Defense Health Agency ("DHA") are the government offices with payment decision authority over the Medicare and TRICARE programs, respectively. Although HHS-OIG began investigating defendants' conduct in 2011, whether defendants' claims were tainted by kickbacks remained an open question due to defendants' denial that they acted knowingly and willfully and the difficulty the Government had obtaining evidence about defendants' scienter. The Government argues that CMS and DHA had no knowledge about which of HDL and Singulex's claims may have been tainted be kickbacks during this time.

Pursuant to mediation with Justice Toal, the parties agreed that the United States would designate only CMS and DHA witnesses for Topics 16 and 18. (Dkt. No. 601 at 4.) In light of the above description about the separate roles of HHS-OIG, CMS, and DHA, the Court finds that mediation produced a fair outcome on this issue. Defendants now seek to revisit an issue that was already resolved fairly in mediation. The Court can identify no grounds to force the Government to produce a witness from HHS-OIG to cover these topics so will not disrupt an agreement the parties reached in mediation.

## V.     Conclusion

For the reasons set forth above, defendant's motion to compel (Dkt. No. 566) is denied.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

August 27, 2017
Charleston, South Carolina