# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| United States of America, *et al.*, | ) Civil Action No. 9:14-cv-00230-RMG |
| --- | --- |
| Plaintiffs, | ) (Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2458-RMG) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) |
| Plaintiffs-Relators, | ) **ORDER and OPINION** |
| v. | ) |
| Berkeley Heartlab, Inc., *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Relators Scarlett Lutz and Kayla Webster's motion, made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to separate the trials of the federal claims submitted pursuant to the False Claims Act and state law claims asserted by the Relators. (Dkt. No. 596.) Under this motion, the federal claims would be tried first and, if necessary, a second trial before a different jury would be held at a later date concerning the Relators' state law claims. All Defendants and the United States have consented to Lutz and Webster's motion. (*Id.* at 2.)

Relator Chris Riedel has filed a similar motion pursuant to Rule 42(b). (Dkt. No. 615.) Riedel's state law allegations primarily involve the payment of speaker fees to physicians. (Dkt. No. 615-1 at 2.) The United States and LaTonya Mallory have consented to Riedel's motion. (Dkt. No. 615 at 2.) BlueWave Health Care Consultants, Inc. is the only party to Riedel's non-intervened state law claims that did not consent to his motion. (Dkt. No. 615-1 at 2.)

For the reasons set forth below, the Relators' motions under Rule 42(b) (Dkt. Nos. 596, 615) are granted. The Court will try the False Claims Act claims in the trial to commence on

September 18, 2017. The Relators' state law claims will be tried at a later date, if necessary, before a different jury.

**I.     Legal Standard**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *see also Snoznik v. Jeld-Wen, Inc.*, 2009 WL 929081, at *1 (W.D.N.C. Apr. 2, 2009) (courts adjudicating a Rule 42(b) motion should consider factors such as convenience, avoidance of prejudice, expediency, and economy). Courts have broad discretion in deciding whether to grant a Rule 42(b) motion. *Beasley v. Kelly*, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010).

**II.    Discussion**

The Court finds that granting the Rule 42(b) motions will expedite and economize the suit; maximize convenience for the Court, witnesses, the jury, and the parties; and minimize prejudice to Defendants by reducing their exposure to reasonable fees, costs and expenses of Relators' counsel pursuant to 31 U.S.C. § 3730(d)(1).

**II.     Conclusion**

For the reasons set forth above, the Relators' Rule 42(b) motions (Dkt. Nos. 596, 615) are granted.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 29, 2017
Charleston, South Carolina