IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *et al.*, | Civil Action No. 9:14-cv-00230-RMG |
| | (Consolidated with 9:11-cv-1593-RMG and |
| Plaintiffs, | 9:15-cv-2458-RMG) |
| *ex rel.* Scarlett Lutz, *et al.*, | |
| | **ORDER and OPINION** |
| Plaintiffs-Relators, | |
| v. | |
| Berkeley Heartlab, Inc., *et al.*, | |
| Defendants. | |

This matter is before the Court on a Motion to Compel filed by Defendants Floyd Calhoun Dent, III, Robert Bradford Johnson, and BlueWave Healthcare Consultants, Inc. (the "BlueWave Defendants"). (Dkt. No. 677.) For the reasons set forth below, the Motion to Compel is DENIED.

I.   **Background**

The Government has filed a Complaint in Intervention against the BlueWave Defendants, LaTonya Mallory, and others alleging violations of the Anti-Kickback Statute ("AKS"), 42 U.C.S. § 1320(a)-7b(b)(1)(A) and False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"). (Dkt. No. 75.) The alleged FCA violations arise from BlueWave's marketing of laboratory tests for two laboratory companies, Health Diagnostic Laboratory, Inc. ("HDL") and Singulex, Inc. ("Singulex"), between 2010 and 2015. The Government has alleged that Defendants violated the FCA when they orchestrated multiple kickback schemes to induce physicians to refer blood samples to HDL and Singulex for large panels of blood tests, many of which were medically unnecessary. The

Government alleges that the kickback schemes violated the Anti-Kickback Statute, resulted in false claims submitted to the Medicare and TRICARE programs, and caused the Government to pay HDL more than $330 million.

## II. Relevant Facts

On August 30, 2017, the Government produced a privilege log identifying 2029 documents as privileged. At a hearing on September 20, 2017, the Court said that "to the extent that this privilege log is over-inclusive" and includes documents that are not responsive to Defendants' discovery requests, it will "help all of us to pare it down." (Dkt. No. 664 at 14.) On October 5, 2017, the Government produced an edited privilege log with approximately 139 entries. On October 11, 2017, the government served the BlueWave Defendants with a list of 557 documents that it removed from the August 30 privilege log because they were not responsive to any document request.[1]

The BlueWave Defendants filed a Motion to Compel the Government to produce "*Escobar*" documents that they allege the Government may have been withholding among those 557 documents. (Dkt. No. 677-1.) As none of Defendants' requests for production specifically referred to "*Escobar*" documents, the Court asked Defendants to supplement their Motion to Compel to set forth the following: (1) the specific request(s) for production upon which the motion is based; (2) a specific description of the documents which are sought pursuant to the identified request(s) for production; and (3) the specific bases the Defendants assert for arguing that responsive documents have not been produced by the Government. (Dkt. No. 679.) The BlueWave Defendants submitted a supplement claiming that no fewer than twenty-four (24) of their requests for production "sought the Government's knowledge of the facts underlying each

---

[1] The United States has produced all documents on the August 30 privilege log that it asserted were protected by the deliberative process privilege only, whether they were responsive or not.

of their claims of liability" (Dkt. No. 680 at 2-3.) The BlueWave Defendants claim that each of the 557 documents the Government removed when it pared down its privilege log may be relevant to their "*Escobar*" defense or, if not, they "are, or may be, responsive to at least one of the BlueWave Defendants' discovery requests above." (*Id.* at 9.) In their supplement, the BlueWave Defendants described several groups of documents that the Government had removed from its privilege log and the bases for their belief that these documents could be responsive to one of their requests for production. (*Id.* at 6-7.)

The Government has filed a Response to Defendants' Motion to Compel claiming that (1) it has produced to Defendants or listed on its October 5 privilege log all documents in the August 30 log that are responsive to any request for production and (2) the 557 documents on the August 30 privilege log that were not produced to Defendants or listed on the October 5 privilege log are not responsive to any viable[2] request for discovery. (Dkt. No. 685.) The Government went on to address the four groups of documents that Defendants identified in their brief as examples of potentially responsive documents they believed the Government improperly removed from its privilege log. The Government described each group of documents, explained why the documents are not responsive to any viable discovery request, and, in some cases, explained why those documents may have been included on the privilege log in the first place (for example, that the documents were likely identified through the use of certain search terms to identify responsive documents but were not, upon close review, actually responsive to any request). Defendants did not file a reply.

---

[2] The Government has defined "viable" requests as those that have "survived the past year of objections, lengthy negotiations, multiple agreements (with the Government and with third parties), mediation and complicated motions practice." (Dkt. No. 685 at 2.)

The Court then ordered the Government to produce a random sample (with document identification numbers provided by the Court) of the documents at issue in order to conduct an *in camera* review to determine whether the Government's descriptions were accurate and, in turn, whether the Court has any reason to doubt that the Government acted in good faith when it followed the Court's instructions to pare down the privilege log.

### III. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery in a civil case:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 34 allows a party to serve on another party a request for production as to any matter "within the scope of Rule 26(b)" as outlined above. Fed. R. Civ. P. 34(a). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37(a)(3)(B) allows a party seeking discovery to move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34.

### IV. Discussion

#### a. Privilege Log

Defendants challenge (1) whether it was appropriate for the Government to remove any documents from its August 30 privilege log and (2) whether the Government conducted that review in good faith. At the hearing on September 20, this Court stated that to the extent there

were any documents on the Government's lengthy privilege log that were not responsive to any discovery request, it would benefit all parties for those documents to be removed. For these reasons, Defendants' argument that it was improper for the Government to remove any documents at all from the privilege log has no merit.

Pursuant to the Court's instructions, the Government reviewed the documents in its privilege log and removed those that it determined not responsive to a viable discovery request. Defendants filed their Motion to Compel out of concern that the Government may have removed responsive documents from its privilege log. The Court has conducted an *in camera* review of a sample of those documents the BlueWave Defendants claim are or may be responsive to a discovery request. The Court has determined (1) that the Government's descriptions of the documents are accurate and (2) that the documents are not responsive to any of Defendants' discovery requests. Further, not only are the documents not responsive to any of Defendants' requests, they are not at all relevant to any issue in this case (processing and handling fees, copayments and deductibles, or commission payments). As the Court has no reason to doubt that the Government has followed its instructions in good faith, Defendants' Motion to Compel the production of the 557 documents listed on the August 30, 2017 privilege log but not on the October 5, 2017 privilege log is denied.

### b. Attorney Client Privilege

The BlueWave Defendants also argue that the Government has incorrectly identified three types of documents as protected by the attorney-client privilege: (1) exhibits, memos, and curated sets of documents; (2) communications seeking information to later provide to an attorney for legal advice; and (3) draft memoranda and fraud alerts. (Dkt. No. 677-1 at 9-11.) Defendants have not identified any specific document for which they wish to challenge the

Government's assertion of privilege, and the Court cannot conduct a privilege analysis on general categories of documents such as "exhibits, memos, and curated sets of documents." The motion to compel is therefore denied without prejudice. If Defendants wish to challenge the Government's privilege assertion with respect to a particular document, the Court will conduct an *in camera* review of that document.

### c. Work Product Protection

The BlueWave Defendants argue that although the Government has asserted the work product protection over a handful of documents, it has not identified whether each document includes fact work product or opinion work product. As a result, Defendants claim they are "unable to argue whether [their] interest in the fact work product should overcome the government's interest in its non-disclosure." (Dkt. No. 677-1 at 11.) The Government says that with the exception of a single document (CMSOGC001195), all of the documents it withheld based on the work product protection reflect attorneys' mental processes and were made during or in anticipation of litigation, so they are absolutely protected as opinion work product. The Government then withdrew its assertion of the work product protection for that document (CMSOGC001195). (Dkt. No. 685 at 19.) For this reason, Defendants' Motion to Compel the production of documents containing fact work product is denied as moot.

### d. Deliberative Process Privilege

With respect to the deliberative process privilege, the Government reports that it has now produced each document on August 30 privilege log that was listed as protected by the deliberative process privilege only, whether the document was responsive or not. In its current privilege log, the Government has invoked the deliberate process privilege with respect to only four documents and attachments. The BlueWave Defendants argue that the Government has

failed to provide contemporaneous support for its claim to the deliberative process privilege in accordance with this Court's description of those requirements in a prior order. (Dkt No. 677-1 at 8-9; Dkt. No. 494.)

In response, the Government explained that these four documents were responsive to Dent's request for production Number 31, and this Court has already determined that the Government properly asserted the deliberative process privilege over documents responsive to that request for production. (See Dkt. No. 428 at 10-11; Dkt. No. 494 at 5-7.) In any event, the Government has also asserted that these four documents are protected by the attorney client privilege, and Defendants have not challenged that privilege with respect to any of these four documents. Defendants' Motion to Compel as to these four documents is therefore denied.

## V. Conclusion

For the reasons set forth above, the BlueWave Defendants' Motion to Compel (Dkt. No. 677) is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 8, 2017
Charleston, South Carolina