IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *et al.*, | ) Civil Action No. 9:14-cv-00230-RMG |
| | ) (Consolidated with 9:11-cv-1593-RMG and |
| Plaintiffs, | ) 9:15-cv-2458-RMG) |
| | ) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) |
| | ) **ORDER and OPINION** |
| Plaintiffs-Relators, | ) |
| | ) |
| v. | ) |
| | ) |
| Berkeley Heartlab, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the Government's Motion to Exclude the Testimony of Dennis Padget. (Dkt. No. 717.) The BlueWave Defendants have filed a response indicating that the "United States' motion to exclude Mr. Padget as a witness is moot because Mr. Padget has withdrawn as Defendants' expert." (Dkt. No. 720 at 2.) For this reason, the Government's Motion to Exclude (Dkt. No. 717) is denied as moot.

The BlueWave Defendants have asked the Court to impose nonmonetary sanctions on the Government based on the Government's allegedly improper actions in connection with the BlueWave Defendants' efforts to secure Mr. Padget as an expert witness. (Dkt. No. 720 at 18.) The Court finds that no sanctions are appropriate because there is no evidence that the Government violated any part of Rule 3.4 of the South Carolina Rules of Professional Conduct, which concerns the unlawful obstruction of another party's access to evidence or a request to a person other than a client to refrain from voluntarily given relevant information to another party. The record shows that Mintz Levin did ask Padget to return materials, but there is nothing

unlawful about the firm's actions. Mr. Padget produced those materials pursuant to a contractual relationship with Mintz Levin which obtained his professional services in connection with their legal advocacy for another client.

Further, the Court already determined that Defendants had ample opportunity to procure an expert to support their position on process and handling fees but failed to do so. (Dkt. No. 712 at 6-7.) Indeed, Defendants still have not argued that there was any reason they could not have timely named an expert witness to provide an opinion on Code 99000 that was similar to Mr. Padget's. The Court only afforded Defendants the opportunity to secure Mr. Padget as an expert witness because doing so would not substantially prejudice the Government which already had its own witness, Kathleen McNamara, able to speak to the issue. That Mr. Padget ultimately decided not to provide expert testimony for Defendants is not grounds for sanctioning the Government.

For these reasons, the Government's Motion to Exclude the Testimony of Dennis Padget (Dkt. No. 717) is DENIED AS MOOT, and no sanction will be imposed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 15, 2017
Charleston, South Carolina