# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, *et al.*, | ) | Civil Action No. 9:14-230-RMG |
| Plaintiffs, | ) | |
| *ex rel.* Scarlett Lutz, *et al.*, | ) | **ORDER AND OPINION** |
| Plaintiffs-Relators, | ) | |
| v. | ) | |
| Berkeley Heartlab, Inc., *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on non-parties Kevin Carrier, Erika Guest, Charles Maimone, Kyle Martel, Gil Rabin, Darrin Thomas, Mark White, Augusta Dowd, Linda Flippo, Laura Hoey, and Rex Butler's motions to quash trial subpoenas. For the reasons set forth below, the motions to quash are denied as to arguments based on non-compliance with the geographic limitations of Rule 45(d)(3)(A)(ii). The Court will hear argument on other bases for quashing the subpoenas at 11:00 a.m on November 28, 2017.

## I. Background

This case involves claims brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendants. A two-week trial is scheduled to begin on December 4, 2017 in Charleston, South Carolina. Movants White, Dowd, Flippo, and Martel have been served trial subpoenas by the Government. Movants Guest, Carrier, Rabin, Thomas, and Hoey have been served trial subpoenas by Defendants. Movants Maimone and Butler have been served trial subpoenas by both the Government and Defendants. Each movant resides outside of South Carolina and more than 100 miles from Charleston, South Carolina. Movants move to quash those

trial subpoenas because they exceed the geographic limits of Rule 45 of the Federal Rules of Civil Procedure.

## II. Discussion

Rule 45(c) of the Federal Rules of Civil Procedure provides that a subpoena issued by a district court may command appearance at trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or within the state where the person "resides, is employed, or regularly transacts business in person" if the person "is a party or party's officer" or "is commanded to attend a trial and would not incur substantial expense." Rule 45(d)(3) provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." If Rule 45 alone controls this Court's subpoena power in this matter, there would be no question that the Court must quash the challenged subpoenas.

Title 31 U.S.C. § 3731(a), however, provides, "A subp[o]ena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States." No appellate court has yet interpreted § 3731(a), but, before December 2013, the weight of authority held that § 3731(a) allows courts issuing subpoenas to compel testimony from witnesses anywhere in the United States. *See, e.g., United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, No. CA 06-12195-MLW, 2013 WL 3327317, at *3 (D. Mass. June 27, 2013); *United States ex rel. Elder v. DRS Techs., Inc.*, No. 2:11-CV-02097-RDP, 2013 WL 3151171, at *6 (N.D. Ala. June 14, 2013); *United States v. Bollinger Shipyards, Inc.*, No. CV 11-01388 (RBW), 2012 WL 12987042, at *5 (D.D.C. Mar. 30, 2012); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 49 (D.D.C. 2011); *United States v. Gwinn*, No. 06–00267, 2008 WL 867927, at *19 (S.D.W. Va. Mar. 31, 2008); *Little v. ENI Petroleum Co.*, No. 06–120–M, 2007 WL 2254318, at *4 (W.D. Okla. Aug. 3, 2007); *United States ex rel.*

*Penizotto v. Bates E. Corp.*, No. CIV.A. 94-3626, 1996 WL 417172, at *5 (E.D. Pa. July 18, 1996); *but see United States ex rel. Thomas v. Siemens, AG*, No. 1:04-cv-116, 2009 WL 1657429, at *2 (D.V.I. 2009). Based on that authority, this Court would have no difficulty concluding that § 3731(a) grants nationwide subpoena power in FCA cases. *See also United States v. Wyeth*, No. CV 03-12366-DPW, 2015 WL 8024407, at *2–3 (D. Mass. Dec. 4, 2015) (providing a thorough textual analysis of § 3731(a) with the conclusion that, "[o]n this textual basis alone, I would be likely to find, with the great majority of courts, that the False Claims Act allows a court to compel testimony from witnesses from anywhere in the United States").[1]

Movants however argue that § 3731(a) conflicts with a December 2013 amendment of Rule 45 and therefore has been superseded by the new rule. (Dkt. Nos. 719-1 at 5–9, 731-1 at 5–10, 737 at 3.) In 2013, Rule 45 was amended with several significant changes intended to simplify subpoena practice. Discovery subpoenas now issue from the court where the action is pending, and may be served nationwide. Previously, discovery subpoenas had to issue from the district court for the district where compliance would take place. A procedure was created for transferring discovery subpoena disputes to the issuing court. The new rule rejects a line of cases that held party witnesses (including a party's officers) were not protected by the 100-mile geographic limit. *See, e.g., In re Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664 (E.D. La. 2006). The new rule also rejects a line of cases that held subpoena recipients could not be punished for contempt if they fail to comply with a subpoena, as distinct from failure to comply with an order compelling compliance with the subpoena.

---

[1] For this reason, the Court finds unpersuasive Movant's argument that § 3731(a) authorizes nationwide service of trial subpoenas (as Rule 45 now also does) without authorizing that the place of compliance may be beyond Rule 45's geographic limits. Moreover, "[i]t has been commonplace for other rules and statutes to use language similar to that of § 3731(a) in authorizing compulsory subpoenas of witnesses nationwide." *Wyeth*, 2015 WL 8024407, at *2.

The change relevant to the instant motions to quash, however, is the omission of Rule 45(b)(2)(D). The pre-2013 version of Rule 45 provided "a subpoena may be served at any place . . . (D) that the court authorizes on motion and for good cause, if a federal statute so provides." That provision "expressly incorporated federal statutes allowing nationwide service of subpoenas, while also ensuring minimal procedural protections for distant witnesses being called to testify." *Wyeth*, 2015 WL 8024407, at *3.

The new Rule 45 provides that a trial subpoena (like any subpoena) may be served nationwide, but also that the place of compliance must comply with the rule's geographic limitations. It has no language allowing a broader geographic scope if permitted by statute. Under the Rules Enabling Act, if there is a conflict between a rule of procedure prescribed by the Supreme Court and a previously enacted statute, the rule controls so long as it does not modify any substantive rights. 28 U.S.C. § 2072. According to Movants, this means the 2013 amendment to Rule 45 abrogated § 3731(a) to the extent that statute is read to authorize subpoenas requiring compliance outside of the rule's geographic limits.

This Court finds Movants' argument unpersuasive for two reasons. First, Movant's argument ignores Rule 81, which governs the "Applicability of the Rules in General." Rule 81(a)(5) provides,

> (5) *Proceedings Involving a Subpoena.* These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.

Like the former Rule 45(b)(2)(D), that language expressly allows that federal statutes may grant district courts nationwide subpoena power. This Court respectfully disagrees with the conclusion of the *Wyeth* court that the omission of Rule 45(b)(2)(D)'s language from the new Rule 45 "seems to be an oversight of the revisers." That conclusion is understandable given the lack of discussion

of the omission in rules committee minutes and reports. *See, e.g.*, Report of the Civil Rules Advisory Committee to the Standing Committee on Rules of Practice and Procedure at 6, May 2, 2011; Minutes of the Civil Rules Advisory Committee to the Standing Committee on Rules of Practice and Procedure at 3–14, Mar. 22–23, 2012. But, in this Court's view, Rule 45(b)(2)(D)'s incorporation of statutes specifically authorizing nationwide subpoena power was duplicative of Rule 81. Rule 45(b)(2)(D)'s provision that parties seeking to avail themselves of a statutory authorization for a subpoena beyond the normal geographic limits must move for the subpoena and must show good cause was an unnecessary exception to Rule 45's provision that any subpoena may be quashed if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). In this Court's view, the removal of Rule 45(b)(2)(D) served the committee's purpose of simplifying subpoena practice by removing surplus language and by removing an unnecessary procedure.

Second, it is well settled that repeals by implication are disfavored. *Hui v. Castaneda*, 559 U.S. 799, 810 (2010); *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662 (2007); *Town of Red Rock v. Henry*, 106 U.S. 596, 601 (1883); *United States v. Tynen*, 78 U.S. 88, 92 (1870). "[A] repeal by implication will only be found when there is clear legislative intent to support it." *United States v. Mitchell*, 39 F.3d 465, 472 (4th Cir. 1994). "A court may find the requisite degree of intent when (1) the two acts are in irreconcilable conflict, or (2) the later act covers the whole subject of the earlier one and is clearly intended as a substitute." *Id.* (internal quotation marks omitted). Rule 45 and the Rules Enabling Act plainly do not cover the "whole subject" of FCA claims. "Statutory provisions will not be considered to be in irreconcilable conflict unless there is a positive repugnancy between them such that they cannot mutually coexist." *Id.* (internal quotation marks omitted). As noted above, there is no "repugnancy"

between the Federal Rules of Civil Procedure, the Rules Enabling Act, and § 3731(a) because Rule 81(a)(5) expressly allows for statutes that modify the scope of a court's subpoena power.

Movants nonetheless urge a radical repeal by silent implication. The text of the new Rule 45 is silent on the effect of statutes providing for nationwide subpoena power. No committee notes, reports, or minutes discuss those statutes. *See Wyeth*, 2015 WL 8024407, at *4 ("Neither the Advisory Committee Notes nor the report of the Civil Rules Advisory Committee suggests that there was any intent to abrogate those statutes allowing for nationwide subpoena powers."). Yet by Movants' argument, the rule amendment abrogated nationwide subpoenas in FCA cases, in antitrust cases, and in RICO cases. *See* 15 U.S.C. § 23; 18 U.S.C. § 1965(c); 31 U.S.C. § 3731(a). Regarding FCA cases, congressional intent to provide nationwide subpoena power is clear:

> Section 3731(a) was added to the False Claims Act in 1978, under the title "An Act to provide for nationwide service of subpoenas in all suits involving the False Claims Act." Pub. L. No. 95–582, 92 Stat. 2479. The House Committee report makes clear that the purpose of the legislation, which came at the recommendation of the Department of Justice, was to facilitate the prosecution of False Claims Act cases by ensuring that witnesses from across the country could be brought into court by subpoena. H.R. Rep. No. 95-1447 (1978). The same report emphasized that the language of § 3731(a) was modeled after Federal Rule of Criminal Procedure 17(e), which grants a nationwide subpoena power in criminal matters. *Id.* at 3 ("the distance or uncooperativeness of witnesses does not impede the prosecution of Federal criminal cases because nationwide service of subpoenas has been authorized under Rule 17.")

*Wyeth*, 2015 WL 8024407, at *3 (D. Mass. Dec. 4, 2015). It is inconceivable that the rules committee countermanded such clear congressional intent to make a radical change in major categories of federal litigation *sub silentio*.

This Court therefore holds that § 3731(a) authorizes this Court to compel attendance at this FCA trial from witnesses located anywhere in the United States. Accordingly, Movants' motions to quash are denied as to arguments based on non-compliance with the geographic limitations of Rule 45(d)(3)(A)(ii). This does not mean that Movants are without recourse against unduly

burdensome subpoenas. Rule 45 provides several bases, other than geographic limitations, for quashing a subpoena—most notably if the subpoena "subjects a person to undue burden." Movants may file supplemental motions to quash on bases other than Rule 45(d)(3)(A)(ii) by 11:00 a.m. on November 27, 2017. The Court will hear argument on any such motions at the hearing already scheduled for 11:00 a.m. on November 28, 2017.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the motions to quash of non-parties Kevin Carrier, Erika Guest, Charles Maimone, Kyle Martel, Gil Rabin, and Darrin Thomas (Dkt. No. 719); Mark White, Augusta Dowd, and Linda Flippo (Dkt. No. 729); Laura Hoey (Dkt. No. 731); and Rex Butler (Dkt. No. 737) as to arguments based on non-compliance with the geographic limitations of Rule 45(d)(3)(A)(ii). Movants may file supplemental motions to quash under Rule 45(d)(3)(A)(i), 45(d)(3)(A)(iii), 45(d)(3)(A)(iv), or 45(d)(3)(B) by 11:00 a.m. on November 27, 2017. The Court will hear argument on any motions to quash at 11:00 a.m. on November 28, 2017.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 2/, 2017
Charleston, South Carolina

-7-