IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, *et al.*, | Civil Action No. 9:14-230-RMG |
| Plaintiffs, | |
| *ex rel.* Scarlett Lutz, *et al.*, | **MEMORANDUM OPINION** |
| Plaintiffs-Relators, | |
| v. | |
| Berkeley Heartlab, Inc., *et al.*, | |
| Defendants. | |

This matter is before the Court on non-parties Kevin Carrier, Erika Guest, Charles Maimone, Kyle Martel, Gil Rabin, Darrin Thomas, and Laura Hoey supplemental motions to quash trial subpoenas (Dkt. Nos. 750, 751.) For the reasons set forth below, the supplemental motions to quash were denied after a hearing on November 28, 2017.

I. **Background**

This case involves claims brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendants. A two-week trial is scheduled to begin on December 4, 2017 in Charleston, South Carolina. Movants have been served trial subpoenas by the Government and/or Defendants. Movants previously moved to quash because each Movant resides more than 100 miles from Charleston, South Carolina. The Court denied those motions to quash, holding that the law provides for nationwide subpoena power in FCA cases. (*See* Dkt. No. 744.) The Court invited supplemental motions asserting bases to quash other than distance from the courthouse. On November 27, 2017, Movants filed supplemental motions to quash, asserting that the subpoenas at issue are an undue burden under Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure. The

Court heard argument on the supplemental motions to quash on November 28, 2017, and, after argument from Movants and from the parties, denied the motions to quash.

## II. Legal Standard

Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure provides that a district court must, on timely motion, quash a subpoena that "subjects a person to undue burden." The determination of undue burden is within the discretion of the district court. A subpoena that seeks information irrelevant to the case is a *per se* undue burden. *See Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012); *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (Duffy, J.). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook*, 484 F. App'x at 812 n.7. Otherwise, "undue burden" requires the district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Charles Alan Wright & Arthur R. miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). The key factors are the relevance of the information requested, the need of the party for the testimony, and whether it is available from another source. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

## III. Discussion

Movants Kevin Carrier, Erika Guest, Charles Maimone, Kyle Martel, Gil Rabin, and Darrin Thomas (the "Sales Movants") are former sales representatives for Defendants. They argue that their testimony is not necessary and that it would be cumulative with other testimony. The parties respond that the Sales Movants have personal knowledge of facts material to the present case.

This case is about Defendants' allegedly fraudulent sales practices. The Court finds that testimony from Defendants' former sales representatives is potentially relevant to hotly disputed material issues in this case. Further, the Court has not yet received evidence. It therefore declines

to consider at this time whether the Sales Movants' respective testimonies—which the Court has not heard—will be cumulative with other evidence that might be introduced at trial.

The Sales Movants also argue that they will assert the Fifth Amendment right against self-incrimination at trial, and that it would be an undue burden to force them to assert that privilege before the jury, especially because they would incur attorney's fees to retain counsel to advise them to assert the Fifth Amendment privilege at trial. This Court follows other federal courts in rejecting that argument. *See Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1312 (11th Cir. 2014) ("[I]t was appropriate for the district court to allow [Plaintiff] to call [a witness] to the stand for the purpose of having him invoke the privilege in the jury's presence"); *SEC v. Levin*, No. 1:12-CV-21917-UU, 2015 WL 11199842, at *1 (S.D. Fla. Mar. 18, 2015) ("[I]t would be [the witness]'s choice to have his counsel travel to [the trial location].").

Certain Sales Movants (Mr. Maimone, Ms. Guest, Mr. Carrier, and Mr. Rabin) also aver that their respective childcare obligations make compliance with the trial subpoenas an undue burden. The Court is sympathetic to childcare difficulties but the parties' right to compulsory process to obtain testimony from material witnesses certainly extends to witnesses who have children. At the November 28, 2017 hearing, the Court directed the parties to make appropriate accommodations for Movants' childcare obligations and other personal obligations, including providing dates certain for testimony, providing same-day departure and return flights for those dates where possible, and prepaying the witnesses' travel and lodging costs. With those accommodations, Movants need only childcare for one or two days. Needing to obtain childcare for one or two days is not a sufficiently extraordinary circumstance to quash a subpoena. The Court therefore finds that requiring Mr. Maimone, Ms. Guest, Mr. Carrier, and Mr. Rabin to attend trial does not subject them to an undue burden.

Movant Laura Hoey separately moves to quash based on other arguments. Ms. Hoey is a lawyer at Ropes & Gray in Chicago. She formerly advised former Defendant Health Diagnostic Laboratory, Inc. ("HDL") regarding processing and handling ("P&H") fees, which are a central issue in this case. She has been subpoenaed by Defendants and moves to quash based on the argument that she has been subpoenaed to support an advice of counsel defense yet her testimony cannot be considered essential to that purpose because (1) Defendants did not rely on her opinion, (2) she was never counsel for Defendants, (3) her involvement with HDL began in early 2013, after the occurrence of most of the conduct at issue, and (4) the opinion that she gave to HDL was that the P&H fees were a "red flag" and "posed a high level of risk" and that the Department of Justice would consider them an Anti-Kickback Statute violation.

Defendants assert that Ms. Hoey provided legal advice to HDL regarding P&H fees in the presence of Defendants, and they argue her testimony (as well as documents they may introduce through her testimony) may serve to negate scienter, a necessary element of the Government's claims. The Court finds Defendants' arguments sufficient to deny the motion to quash. Defendants have set forth a *prima facie* case for needing Ms. Hoey's testimony. Subpoenas may not be used to hale random persons into court without cause, but Ms. Hoey is not such a person. Where that threshold condition is satisfied, issues regarding the relevancy of the witness's testimony should not be litigated by non-parties before the parties have presented any testimony or evidence in this case.

## IV. Conclusion

For the foregoing reasons, the Court **DENIED** the supplemental motions to quash of non-parties Kevin Carrier, Erika Guest, Charles Maimone, Kyle Martel, Gil Rabin, Darrin Thomas, and Laura Hoey (Dkt. Nos. 750, 751.)

_____
Richard Mark Gergel
United States District Court Judge

November 27, 2017
Charleston, South Carolina