# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| United States of America, *et al.*, | Civil Action No. 9:14-cv-00230-RMG |
| Plaintiffs, | (Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2458-RMG) |
| *ex rel.* Scarlett Lutz, *et al.*, | |
| Plaintiffs-Relators, | **ORDER and OPINION** |
| v. | |
| Berkeley Heartlab, Inc., *et al.*, | |
| Defendants. | |

This matter is before the Court on the Government's Motion to Quash two subpoenas issued by Defendants BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (together the "BlueWave Defendants") to the United States for trial testimony by Department of Health and Human Services ("HHS") Office of Inspector General ("OIG") Special Agent Sui Kim ("Agent Kim") and Federal Bureau of Investigation ("FBI") Special Agent Karen Corbett ("Agent Corbett"). (Dkt. No. 747.) For the reasons set forth below, the Motion to Quash is GRANTED as to both subpoenas.

I.  **Background and Relevant Facts**

The discovery period ended on June 2, 2017. (Dkt. No. 418.) Two months later, on August 7, 2017, the BlueWave Defendants, Defendant Mallory, and the United States each filed pre-trial disclosures naming at least one new witness not previously disclosed. (Dkt. Nos. 563, 564, 565, 568.) Defendant Mallory named Agent Kim and Agent Corbett in her August 7

disclosures, and there is no dispute that this was the first time any defendant attempted to name Agent Kim or Corbett as a potential trial witness.

At a bar meeting held the next day, August 8, 2017, counsel for the United States raised the issue of newly-named witnesses with the Court. (Dkt. No. 593.) Among other new witnesses, he noted that Defendant Mallory had named Government agents for the first time, including Agent Kim and Agent Corbett. In response to the Court's request for an explanation as to why these witnesses had not been previously disclosed, Mr. Ashmore, counsel for Defendant Mallory, responded, "Judge, I'll withdraw those names." The Court then ruled, "All of them are ordered withdrawn from Mr. Ashmore." Counsel for the BlueWave defendants were present at that hearing and participated in the discussion about newly-named witnesses but did not mention Agent Kim or Agent Corbett or their belief they had incorporated either witness by reference. The Court ruled that all parties had to move the Court for leave to name new any witnesses, stating the reasons they believed they should be allowed to make a late witness identification (e.g. the discovery of new evidence). (Dkt. No. 593 at 5-7.)

Almost three months after that August 8 hearing, on October 31, 2017, the BlueWave Defendants issued subpoenas for Agent Kim and Agent Corbett. In the intervening three months, the BlueWave Defendants did not seek leave of the Court to name Agent Kim or Agent Corbett as a witness. Before the Court is the Government's motion to quash both subpoenas on the grounds that neither Agent Kim nor Agent Corbett are named witnesses and that both were subpoenaed without authority. (Dkt. No. 747 at 1.)

## II. Discussion

### a. Compliance with Rule 26(a)(3)

Pursuant to the Court's Amended Scheduling Orders, Defendants were required to identify their trial witnesses pursuant to Rule 26(a)(3) no later than twenty-one (21) days before jury selection. (Dkt. No. 418). Jury selection for this case took place November 1, 2017, so the parties were required to file their pre-trial disclosures no later than October 3, 2017. Defendants never disclosed that they intended to call Agent Kim or Agent Corbett as trial witnesses, so they failed to comply with Rule 26(a)(3) and the Court's scheduling order. Further, Defendants made no effort to comply with the Court's August 8, 2017 ruling from the bench that they move for leave to name new witnesses.

Defendants argue that they complied with the notice requirements of Rule 26(a)(3) because they incorporated all of Defendant Mallory's witness identifications, including her August 7 identification of Agents Kim and Corbett, into their own pre-trial disclosures. It was clear from the Court's bench ruling at the August 8 hearing withdrawing Mr. Ashmore's identification of Agents Kim and Corbett that the Agents were "new witnesses" covered by the Court's order requiring all parties to move the Court for leave to name new witnesses. The BlueWave Defendants therefore could not rely on Defendant Mallory's withdrawn August 7 identification of Agents Kim and Corbett.

### b. Rule 37(c)

Under Rule 37(c)(l), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To determine whether nondisclosure is justified or harmless, the Court

"should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)) (emphasis omitted). However, the Court is "not *required* to tick through each of the *Southern States* factors. *Southern States* explains that district courts have 'broad discretion' to decide harmlessness and 'should'—not 'shall'—'be guided by' the five factors." *Id.* (emphasis in original). "The burden of establishing these factors lies with the nondisclosing party," here, the BlueWave Defendants. *Id.*

### 1. Trial Disruption

The testimony of Agents Kim and Corbett at trial may present evidentiary issues because much of their testimony may be protected by various privileges, including the attorney-client and work product privileges, or would constitute hearsay. The purpose of the disclosure requirements in the Federal Rules of Civil Procedure and the Court's own scheduling orders is to ensure that the parties identify and resolve these issues during the discovery period and, absent agreement, address them in their pre-trial briefs and motions *in limine*. By failing to timely name Agents Kim and Corbett, the BlueWave Defendants have deprived the parties of the opportunity to properly brief these evidentiary matters before trial. The Court finds that allowing Defendants to name Agents Kim and Corbett as trial witnesses at this time has the potential to disrupt an already complex proceeding.

### 2. Surprise and Ability to Cure

The BlueWave Defendants have subpoenaed two of the Government's investigators on the eve of trial. Preparing any newly-identified witness for testimony on the eve of trial presents

a substantial burden, but preparing for the testimony of these two investigators would be particularly burdensome for the reasons discussed above, and the Government does not have the time needed to cure the surprise. Consideration of this factor weighs heavily in favor of granting the Government's motion to quash the subpoenas.

3. <u>Importance of the Evidence</u>

The Government argues that the Agents' testimony is not important because it is duplicative, inadmissible hearsay, and protected by various privileges. (Dkt. No. 747 at 12-13.). In response, Defendants claim that the Agents' testimony is relevant to government knowledge of the facts underlying its claims (and therefore the issue of materiality). The Court has issued a separate Order finding that all violations of the Anti-Kickback Statute that resulted in the submission of claims are, as a matter of law, material to the Government's decision to pay. Consistent with that Order, the Court finds that testimony from either Agent Kim or Agent Corbett is not relevant to the issue of government knowledge as it relates to materiality.

4. <u>Explanation for Failure to Timely Disclose</u>

The BlueWave Defendants have provided no explanation for their failure to timely name Agents Kim or Corbett as witnesses. Instead, Defendants claim repeatedly that they did timely name Agents Kim and Corbett, an argument the Court has rejected. The Court finds that there is no justification for Defendants' failure to identify Agent Kim or Agent Corbett in accordance with the Federal Rules and this Court's scheduling orders. Defendants have been aware of Agent Kim's role as an investigator in this case at least since Agent Kim was named on the original subpoena *duces tecum* served on BlueWave on or about January 7, 2013. Defendants have been aware of Agent Corbett's role as an investigator at least since May 11, 2017 when they received interview memoranda listing Agent Corbett as the investigating agent.

Having considered the *Southern States* factors, the Court finds that they overwhelmingly weigh in favor of the Government. Therefore, the Court grants the Government's Motion to Quash.

### III. Stipulation as to Authenticity of Interview Memoranda

In their Response to the Motion to Quash, the BlueWave Defendants request that the Court deny the Government's Motion to Quash or, in the alternative, direct the parties to stipulate to the authenticity of the interview memoranda discussed herein. (Dkt. No. 762 at 4.) The United States had filed a Reply indicating that it stipulates to the authenticity of the interview memoranda. (Dkt. No. 780 at 2.) Defendants therefore have the alternative remedy they requested. The Court reserves for trial the question of whether these interview memoranda are relevant and otherwise admissible.

### IV. Conclusion

For the reasons set forth above, the Government's Motion to Quash Subpoenas for the testimony of Agent Sui Kim and Agent Karen Corbett (Dkt. No. 747) is GRANTED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 1, 2017
Charleston, South Carolina