# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| United States of America, *et al.*, | Civil Action No. 9:14-230-RMG |
| Plaintiffs, | |
| *ex rel.* Scarlett Lutz, *et al.*, | **MEMORANDUM OPINION** |
| Plaintiffs-Relators, | |
| v. | |
| Berkeley Heartlab, Inc., *et al.*, | |
| Defendants. | |

This matter is before the Court on Defendant's request to publish at trial the depositions of 17 available witnesses, who are not parties or Rule 30(b)(6) designees. For the reasons set forth below, the Court denied the request at a hearing on November 28, 2017.

## I. Background

This case involves claims brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendants. A two-week trial is scheduled to begin on December 4, 2017 in Charleston, South Carolina. The Government and Defendants each requested that many witnesses (over thirty in total) be presented to the jury by publishing their depositions. The basis for publishing their depositions in lieu of the live testimony Rule 43 of the Federal Rules of Civil Procedure typically requires was that they are located more than 100 miles from Charleston, South Carolina. At a status conference on November 21, 2017, the Court informed the parties that there is nationwide subpoena power in an FCA case and so witnesses located more than 100 miles from Charleston are available and may not have their depositions published on the basis of distance from the courthouse. The Court later entered a written order explaining the nationwide subpoena power in FCA cases. (Dkt. No. 744.)

On November 27, 2017, Defendants filed a new list of deposition designations. (Dkt. No. 753.) Therein, they sought to publish the depositions of 17 available witnesses who are not parties or Rule 30(b)(6) designees. The asserted basis for publishing the depositions was Rule 32(a)(4)(E), which permits depositions to be published if "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." At a hearing on November 28, 2017, the Court denied the request to publish those depositions for the reasons set forth below.

## II. Discussion

Defendant's request to publish deposition designations involves the interaction between the nationwide subpoena power provided for in the FCA, the use of a deposition for an unavailable witness under Rule 32 of the Federal Rules of Civil Procedure, and the strong preference for live testimony in open court under Rule 43 of the Federal Rules of Civil Procedure. Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure provides, "A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States." Because the FCA permits nationwide subpoena power, the 100-mile subpoena radius provided in Rule 45 is inapplicable. This Court is aware of one case in which it was held that the 100-mile subpoena radius provided in Rule 32 nonetheless is applicable in an FCA case. Thirty-six years ago, in *United States v. International Business Machines*, the Southern District of New York held the "admissibility of depositions under the 100 mile provision of Rule 32 is not dependent on the subpoena power of the court." 90 F.R.D. 377, 380 (S.D.N.Y. 1981).[1] The IBM court reasoned,

---

[1] Additionally, this holding was cited with approval in *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 n.2 (1st Cir. 1988).

> The [Rule 32] drafters apparently had two related objectives in designing the 100 mile rule as it now stands. One was to permit deposition use when a witness was beyond the subpoena power of the court. The other was to permit deposition use when the deponent would be unduly inconvenienced by requiring his presence at trial, even if the deponent was subject to subpoena power. The drafters presume[ab]ly felt that it would be too burdensome to require a deponent beyond the distance of 100 miles to appear at trial.

Under *IBM*, Defendant would be permitted to use the deposition testimony from witnesses beyond the 100-mile radius of Rule 32 despite the nationwide subpoena power provided in the FCA.

This Court respectfully disagrees with the Southern District of New York's *IBM* decision. Rule 32(a)(4)(B) is one of several clauses appearing within a subsection of the Rule entitled, "Unavailable Witness." Fed. R. Civ. P. 32(a)(4). The other clauses provide that deposition testimony may be used at trial when the witness is dead, when the witness cannot testify because of infirmity or imprisonment, when the "party offering the deposition could not procure the witness's attendance by subpoena" (*i.e.*, it was impossible to serve the subpoena), and, lastly, when "exceptional circumstances" outweigh the importance of live testimony in open court. These clauses are clearly meant to define unavailable witness for purposes of Rule 32, with the final condition being a residual clause covering exceptional circumstances. It would be illogical to read rules that are listed under the heading "unavailable witness" and that discuss witness who are dead, infirm, imprisoned, far away, or unserveable to apply to anything other than witnesses who are unavailable. It would also be illogical to read the second of the five clauses to be a duplicate residual clause that only applies to persons subject to subpoena power but more than 100 miles from the courthouse. The drafters provided for circumstances where "the deponent would be unduly inconvenienced by requiring his presence at trial" with Rule 32(a)(4)(E).

Defendants indeed did base their request to publish depositions on Rule 32(a)(4)(E). The weight of appellate authority, however, indicates that Rule 32(a)(4)(E) imposes a stringent standard. The Sixth Circuit has held,

> How exceptional the circumstances must be under Rule 32(a)(3)(E) [now Rule 32(a)(4)(E)] is indicated by its companion provisions. These authorize use of a deposition in lieu of live testimony only when the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena.

*Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990); *see also Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996) ("The other subsections of Rule 32(a)[(4)] make clear that it is not only a party's need for the evidence in the deposition, but also the nature of the circumstances that have made the deponent unavailable to testify, that determines whether the circumstances can be thought exceptional."); *Huff v. Marine Tank Testing Corp.*, 631 F.2d 1140, 1143 (4th Cir. 1980) (finding exceptional circumstances where the witnesses' absence was "a completely unexpected turn of events").

Rule 32(a)(4) is a high hurdle because trial testimony normally must be given orally in open court: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).[2] To provide testimony by contemporaneous transmission, the movant must show "good cause in compelling circumstances." To provide testimony that is not even contemporaneous—like publishing a deposition—necessarily requires the movant to show

---

[2] The requirement that testimony be taken "orally" in open court was removed in 1996 to accommodate persons who are physically unable to communicate orally. *See* Notes Advisory Committee on Rules—1996 Amendment. That change did not relax the strong preference for oral testimony from witnesses who are able to speak.

something beyond "good cause in compelling circumstances," which Rule 32(a)(4) describes as "exceptional circumstances."

Defendants identify no exceptional circumstances "that have made the deponent unavailable to testify" regarding any of the 17 depositions Defendants wish to publish. There is nothing exceptional about being more than 100 miles from Charleston, South Carolina. Nor is being a parent an exceptional circumstance. Defendants therefore failed to meet the Rule 32(a)(4)(E) standard for publishing a deposition in exceptional circumstances, and for that reason the Court denied Defendants request to publish the depositions of 17 available witnesses.

### III. Conclusion

For the foregoing reasons, the Court denied Defendants' request to publish the depositions of 17 available witnesses.

_____
Richard Mark Gergel
United States District Court Judge

December ___, 2017
Charleston, South Carolina