IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| United States of America, *et al.*, | ) Civil Action No. 9:14-cv-00230-RMG |
| | ) (Consolidated with 9:11-cv-1593-RMG and |
| Plaintiffs, | ) 9:15-cv-2458-RMG) |
| | ) |
| *ex rel.* Scarlett Lutz, *et al.*, | ) |
| | ) **ORDER and OPINION** |
| Plaintiffs-Relators, | ) |
| | ) |
| v. | ) |
| | ) |
| Berkeley Heartlab, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the United States' Objections to the BlueWave Defendants' Deposition Designations for the United States' 30(b)(6) witness Alison Coleman. (Dkt. Nos. 801-1, 803-1.) The Court has ruled on each Objection as set forth below.

### I. Deposition of Alison Coleman (Dkt. No. 728-4, 823-2)

| BlueWave's Designation | Government's Objections | Ruling |
|---|---|---|
| Pg. 19, Ln. 9 – Pg. 20, Ln. 16 | Not relevant, per Court's 12/4/2017 ruling on materiality (Dkt. No. 795). | The objection is sustained in accordance with the Court's Order at Dkt. No. 795. |
| Pg. 21, Ln. 21 - 25 | Not relevant, per Court's 12/4/2017 ruling on materiality (Dkt. No. 795). | The objection is sustained in accordance with the Court's Order at Dkt. No. 795. |
| Pg. 48, Ln. 12 – Pg. 49, Ln. 5 AND | Beyond the scope; the deponent is asked about medical necessity reviews of HDL and Singulex, a topic for which she was not designated. | The objection is overruled. Deponent was designated to speak about the process of medical necessity reviews of independent clinical lab testing |

-1-

| | | |
|---|---|---|
| Pg. 50, Ln. 3-18<br><br>AND<br><br>Pg. 51, Ln. 6-9 | | services generally, Topic 14(e), and "How HDL's and Singulex's claims to Medicare and TRICARE including the claims which are the subject of this complaint, were reviewed, denied, and/or paid." (Dkt. No. 815-4 at 1, 7.) Therefore, questions about medical necessity reviews of HDL and Singulex are not outside the scope of the designation. |
| Pg. 52, Ln. 21-24 | Not relevant, per Court's 12/4/2017 ruling on materiality (Dkt. No. 795); vague. | The objection is sustained in accordance with the Court's Order at Dkt. No. 795. |
| Pg. 71, Ln. 16 - 25 | Beyond the scope; the deponent is asked about pre-payment medical necessity reviews of HDL and Singulex, a topic for which she was not designated. | The objection is overruled. For reasons stated above, questions about medical necessity reviews of HDL and Singulex are not outside the scope of the designation. |
| Pg. 84, Ln. 6 –<br>Pg. 85, Ln.13 | Lacks foundation; witness asked to draw conclusions from a document with which she is not familiar. | The objection is overruled. The deposition transcript shows that the deponent was able to understand the questions and the document and to answer questions that were otherwise within the scope of the designation. |
| Pg. 86, Ln. 23 –<br>Pg. 87, Ln. 5 | Incomplete. | The objection is overruled because the Government's counter-designation resolves incompleteness [Pg. 87, Ln. 6-7], and Defendants have not objected to the counter-designation. |
| Pg. 87, Ln. 22 –<br>Pg. 88, Ln. 4 | Lacks foundation; incomplete. | The objection is overruled because the Government's counter-designation resolves incompleteness [Pg. 88, Ln. 5-7], and Defendants have not objected to the counter-designation. |

| | | |
|---|---|---|
| Pg. 97, Ln. 15 – Pg. 99, Ln. 2 | Incomplete; repetitive; beyond the scope; the deponent is asked about state prevailing rates and provider billed rates, topics for which this deponent was not designated. | The objection is overruled. The deponent was asked several questions about how Tricare determines the appropriate reimbursement for a claim. This subject falls within Topic 14 (Dkt. No. 815-4 at 7) which broadly covers claims processing and review and is therefore within the scope of the designation.<br><br>The Government also objected that the designation is incomplete but did not offer a counter-designation, so the objection as to incompleteness is overruled. |
| Pg. 100, Ln. 23 – Pg. 101, Ln. 3 | Incomplete; no end to designation. Designation should end at Pg. 101, Ln. 3. | The objection is moot because Defendants updated their designation to end at Pg. 101, Ln. 3. |
| Pg. 106, Ln. 7 – Pg. 109, Ln. 1 | Incomplete; compound; beyond the scope. The deponent is asked about state prevailing rates and provider billed rates, topics for which she was not designated. | The objection is overruled. The deponent was asked several questions about how Tricare determines the appropriate reimbursement for a claim. This subject falls within Topic 14 (Dkt. No. 815-4 at 7) which broadly covers claims processing and review and is therefore within the scope of the designation. |
| Pg. 112, Ln. 15 – Pg. 113, Ln. 2 | Incomplete; lacks foundation; misstates testimony. The deponent is asked about state prevailing rates and provider billed rates, topics for which this deponent was not designated. Counsel's question (not included in the designation), assumes certain activity regarding physician billing. | The objection is overruled. The deponent was asked several questions about how Tricare determines the appropriate reimbursement for a claim. This subject falls within Topic 14 (Dkt. No. 815-4 at 7) which broadly covers claims processing and review and is therefore within the scope of the designation. |

| | | |
|---|---|---|
| Pg. 134, Ln. 20 - 23 | Incomplete. | The objection is overruled. The Government's counter-designation resolves incompleteness [Pg. 134, Ln. 8-19], and Defendants have not objected to the counter-designation. |
| Pg. 145, Ln. 8 - 12 | Vague, misleading; beyond the scope; the question is vague and misleading in referring to TRICARE's payment of a "process and handling fee" "for a blood sample." | The objection is overruled. Deponent was designated to speak about the reimbursement of P&H fees, so this question is not outside the scope of the designation. (Dkt No. 815-4 at 7, Topic 19.) Deponent did not appear confused by the question or ask for clarification, so the objection as to vagueness is overruled. |
| Pg. 153, Ln. 15 - 23 | Lacks foundation; beyond the scope; the deponent is asked about her personal experience with literature distributed by TRICARE to providers. | The objection is overruled. Deponent was asked, "have you seen any literature distributed by TRICARE to providers regarding the potential for a process and handling fee to be an inducement and therefore a violation of the Anti-Kickback Statute?" Deponent responded, "I have not seen anything."<br><br>Deponent was designated to answer questions about, "CMS's past and existing policies, guidance and valuation determinations regarding its payments of blood specimen handling fees pursuant to Medicare's Fee Schedule . . . , and CMS's past and existing policies, guidance and valuation regarding its payments of venipuncture fees pursuant to Medicare's Fee Schedule." (Dkt. No. 815-4 at 2, 7.) Counsel's question about whether deponent was aware of any guidance issued by TRICARE to providers |

-4-

| | | |
|---|---|---|
| | | about process and handling fees is therefore within the scope of the designation. The excerpt is not reasonably read as an inquiry into deponent's personal experience even though counsel asked about what deponent herself had "seen." <br><br> The objection as to lack of foundation is also overruled. |

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January  12 , 2017
Charleston, South Carolina