IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| The United States of America ex rel. Scarlett Lutz, Kayla Webster, Dr. Michael Mayes, and Chris Reidel, | ) C/A No.: 9:14-cv-0230-RMG<br>) (Consolidated with 9:11-cv-1593-RMG<br>) and 9:15-cv-2485-RMG)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| Berkeley Heartlab, Inc., et al., | ) |
| Defendants. | ) |

# DENT AND JOHNSON'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE A NEW TRIAL

Defendants Floyd Calhoun Dent, III ("Dent") and Robert Bradford Johnson ("Johnson") now move for judgment as a matter of law under Federal Rule of Civil Procedure 50 or in the alternative a new trial under Federal Rule of Civil Procedure 59.

Dent and Johnson are entitled to judgment as a matter of law because the government failed to prove key elements of its claims. The government chose to put up only two of its theories of liability: (1) process and handling fees ("P&H Fees") and (2) the commission structure ("Commission Structure"). The government did not offer evidence that it paid any medically unnecessary claims or engaged in zero balance billing, and it thus effectively abandoned both claims. The proof of the remaining two claims was fatally deficient because the government provided no evidence that P&H Fees constitute "remuneration" or "inducement" under the AKS. Further, the government offered no evidence that P&H Fees or the Commission Structure constituted a "material" violation of a condition of payment under the FCA. Most importantly, the government failed to prove scienter on the part of Dent or Johnson necessary to

1

establish a violation of the AKS or the FCA. In fact, the unwritten law that the government claims the Defendants violated by selling tests for laboratories that paid P&H fees, or by accepting or paying commissions, was not sufficiently defined such that these Defendants *could* have formed the criminal intent required for them to be held liable in this case. Thus, both remaining theories of liability fail as a matter of law.

In the alternative, the Court should grant Dent and Johnson a new trial. The government persisted in making this trial about Dent and Johnson's commercial success and their wealth rather than about their actions. The government successfully opposed Defendants' pretrial motion to preclude evidence of their wealth or the amount of money that they earned. It also prevented the jury from knowing the true extent of its verdict, including trebling and imposition of penalties. Thus armed, the government used the phrase "blood money" twenty-six times over the course of a thirty-seven minute opening statement; once, on average, every one minute and twenty-five seconds. Trial Transcript at 31-55. It referred repeatedly to the total amount of revenue that the Defendants earned (which was not the measure of damages demanded), not the revenue attributable to federal reimbursement. The intent was to inflame the jury against financially successful businessmen, and it worked. The first evening of trial, contrary to this Court's repeated instructions, the jury foreman posted on Facebook: "You get entertained for about 6 hours, by a bunch of people wearing really expensive clothes: Admittedly, I chuckled numerous times...All of that is true, I kid you not[.]" The following day the foreman revealed his disdain for "rich guy[s]": "I don't know why it's <u>so funny when rich people fall down</u>; I can tell you this though, there were at least 100 people, in that room, who enthusiastically agreed." (emphasis added). The foreman posted similar posts revealing disdain for guys in "expensive clothes" over the next couple of days. He also specifically noted, by contrast, a government

lawyer's "not at all expensive suit." Id. The government's strategy to tar the Defendants with their success led to a miscarriage of justice. The verdict was against the greater weight of the evidence.

Finally, the Defendants are entitled to have the judgment for damages completely offset by the government's recovery from HDL and Singulex of the same damages that it claimed against these Defendants. Trebling should be based on the net damage award, if any.

For these reasons and those below, Dent and Johnson are entitled to judgment as a matter of law under Rule 50 or, in the alternative, entitled to a new trial under Rule 59.

February 28, 2018     Respectfully submitted,

> Joseph P. Griffith, Jr., Esquire (Fed.I.D. # 2473)
> Joe Griffith Law Firm, LLC
> Seven State Street
> Charleston, South Carolina 29401
> (843) 225-5563 (tel)
> (843) 722-6254 (fax)
> joegriffithjr@hotmail.com
> www.joegriffith.com
>
> s/Bradley B. Banias
> Bradley B. Banias, Esquire (Fed.I.D. # 11585bb)
> M. Dawes Cooke, Esquire (Fed.I.D. # 288)
> Christopher Kovach
> Barnwell Whaley Patterson & Helms, L.L.C.
> 288 Meeting St., Ste 200 (29401)
> Post Office Drawer H
> Charleston, South Carolina 29402
> (843) 577-7700 (tel)
> (843) 577-7708 (fax)
> mdc@barnwell-whaley.com
> bbanias@barnwell-whaley.com
> ckovach@barnwell-whaley.com
> www.barnwell-whaley.com
>
> Attorneys for Defendants

<u>Certificate of Service</u>

I declare that I filed the foregoing on the court's electronic filing system, which forwarded an electronic copy to Plaintiffs' counsel.

| | |
|---|---|
| February 28, 2018 | Respectfully submitted, |
| | <u>s/Bradley B. Banias</u><br>Bradley B. Banias, Esquire (Fed.I.D. # 11585bb)<br>M. Dawes Cooke, Esquire (Fed.I.D. # 288)<br>Christopher Kovach |