IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| The United States of America and the States of North Carolina, California, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Michigan, Minnesota, New Jersey, New York, Tennessee, Texas, Virginia and Wisconsin, *ex rel*. Scarlett Lutz, Kayla Webster, Dr. Michael Mayes and Chris Reidel,<br><br>     Plaintiffs,<br><br>vs.<br><br>Berkeley Heartlab, Inc., BlueWave Healthcare Consultants, Inc., Latonya Mallory, Floyd Calhoun Dent, III and Robert Bradford Johnson,<br><br>     Defendants. | **CA No.**: **9:14-cv-00230-RMG**<br>(Consolidated with 9:11-cv-1593-RMG and 9:15-cv-2485-RMG) |

## UNITED STATES' RESPONSE TO DEFENDANTS' AMENDED MOTION FOR AUTHORIZATION FOR COMPENSATION OF FACT WITNESS

Plaintiff United States of America hereby responds to the Motion by Defendants BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, "BlueWave") For Authorization For Compensation Of Fact Witness (Dkt. No. 890) (the "Motion"). The United States hereby requests the Motion be denied or, in the alternative, requests limited discovery.

### FACTS

Philippe Goix was the Chief Executive Officer of Singulex, Inc., during the period of Defendants' conduct in the instant case. (Day 8 Tr. at 2052:22, 2053:13-18). Throughout this litigation, it was the understanding of the United States that the parties would pay witnesses'

travel expenses but no fees. (*See, e.g.*, August 18, 2017 (Letter from Christopher Kovach to Goix with subpoena, attached hereto as Exhibit A) (agreeing to pay for Mr. Goix's "travel expenses, including airfare, hotel and meals,"); Dkt. 751 fn.4 (Supplemental Motion To Quash Trial Subpoenas filed by six witnesses) (stating the BlueWave Defendants had refused reimbursement for any lost income or expenses other than "Movants' travel and lodging expenses.")) Throughout the trial and until the Motion was filed, neither the Court nor the United States were notified that Mr. Goix had a different arrangement with the BlueWave Defendants than any other fact witness.[1]

The BlueWave Defendants called Mr. Goix to the stand on January 25, 2018, the eighth day of the trial. (Day 8 Tr. at 2050:5-24). On that same day, it appears that Mr. Goix signed the Declaration attached as Exhibit B to the instant Motion ("Declaration"). The document identifier in the left footer of the Declaration is consistent with documents drafted by counsel for the BlueWave Defendants. It therefore appears that Goix's Declaration was drafted by counsel for the BlueWave Defendants the day of – or before – Mr. Goix's testimony. Yet, the BlueWave Defendants did not inform the United States until long after the trial concluded that there was a contemplated payment to Mr. Goix, much less one in excess of that provided for in 28 U.S.C. § 1821.

**DISCUSSION**

A fact witness who is compelled to testify at trial is generally not compensated beyond what is expressly allowed by statute. 28 U.S.C. § 1821 provides that a witness shall be compensated for his travel expenses, a *per diem*, or subsistence allowance to cover food and

---

[1] The United States presumes that the BlueWave Defendants did not agree to compensate any other fact witness who traveled for and/or testified at trial. If any such arrangements were made they should be disclosed.

2

lodging, and "an attendance fee of $40 per day for each day's attendance . . . [and] for the time necessarily occupied in going to and returning from the place of attendance . . . ." 28 U.S.C. § 1821(b), (c) and (d).

Public policy strongly disfavors any payments to a fact witness beyond those specified in 28 U.S.C. § 1821. *See, e.g., Alexander et al. v. Watson et al.*, 128 F.2d 627, 630 (4th Cir. 1942) (denying fee to two fact witnesses on the ground that the witnesses had a public duty to testify to the facts within their knowledge and, therefore, "[a]ny agreement to pay them additional compensation for such testimony would have been void as lacking in consideration and also as contrary to public policy."); *Hamilton v. General Motors Corp.*, 490 F.2d 223 (7th Cir. 1973) (the kinds and amounts of reimbursements a fact witness is entitled is "severely circumscribed"); MODEL RULES OF PROF'L CONDUCT r 3.4(b) cmt. 3 (AM. BAR ASS'N 2016) ("[I]t is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule *in most jurisdictions is that it is improper to pay [a fact] witness any fee for testifying . . . .*") (emphasis added). Paying fact witnesses casts a cloud over the legitimacy of that testimony. *Rocheux Int'l of New Jersey, Inc. v. U.S. Merch. Fin. Grp, Inc.*, No. 06–6147, 2009 WL 3246837, (D.N.J. Oct. 5, 2009) (excluding fact witness who had been paid for his deposition).

In support of their Motion to pay Mr. Goix, the BlueWave Defendants ignore 28 U.S.C. § 1821 and rely instead upon 18 U.S.C. § 201(d), which excludes from the definition of criminal bribery of a witness payments for, "the reasonable value of time lost in attendance at any such trial." However, payments to fact witnesses have been held to be improper even if they do not rise to the level of a criminal bribe under 18 U.S.C. § 201. *See, e.g., Golden Door Jewelry Creations, Inc.*, 865 F. Supp. 1516, 1524-26, *aff'd in relevant part* 117 F.3d 1328, 1335 n. 2

(11th Cir. 1997) (sanctioning party that paid fact witness even though the payment did not violate 18 U.S.C. § 201). Exclusion from the definition of a crime is not a statutory basis to pay a fee in excess of that permitted by 28 U.S.C. § 1821 and the BlueWave Defendants have identified no legal basis to pay Mr. Goix a fee.

The Motion acknowledges that the BlueWave Defendants have "no information upon which to reach a conclusion as to the reasonable value of Mr. Goix's time." (Motion at 3). But they ignore the bigger problem: there is no information showing that Mr. Goix is entitled to any payment whatsoever. The Motion provides no evidence, for example, that Mr. Goix's employer docked his salary. Or, if Mr. Goix works in a non-employee capacity, there is no support for (or even argument) that he would have earned hourly fees but for his attendance at the trial. If Mr. Goix is not entitled to entitled to any compensation for lost time, then the exception in 18 U.S.C. § 201(d) does not apply. The Motion is silent regarding Mr. Goix's employment status during the trial and therefore fails to provide any factual basis to support paying Mr. Goix any amount. [2]

Even if the witness fee in question were permissible, which it is not, the BlueWave Defendants should have disclosed the proposed agreement to the United States and to the Court during discovery or, at the latest, before Mr. Goix's testimony at trial. Instead, the United States first learned about the BlueWave Defendants' intention to seek payment for Mr. Goix in a meet-and-confer telephone call just before the Motion was filed.

Had the United States learned of the proposed payment before Mr. Goix testified at trial,

---

[2] Nor have they established a factual basis for the amount of a fee. Other than Mr. Goix's own opinion of the value of his time, there is no factual support in the Motion or the Exhibits that supports the contention that his time is worth $200 per hour, or that the total amount of time he would have—but did not—earn money, was twenty hours, for a total of $4,000. It appears the BlueWave Defendants ask the Court to treat Mr. Goix's testimony like that of an expert witness whose testimony is based on his education and expertise, not making Mr. Goix whole for lost time.

4

the United States would have questioned him about the $4,000 fee he expected to be paid and the jury could have taken that into account when determining Mr. Goix's credibility. By failing to disclose the expectation until after trial, the BlueWave Defendants prevented the United States and the Court from taking appropriate steps to safeguard justice from the perils caused by paying fact witnesses.

For all the reasons set forth above, the United States requests that the Motion be denied. In the alternative, the United States requests limited discovery of communications between the BlueWave Defendants, their counsel or anyone acting on their behalf, and Mr. Goix, as well as any other fact witness with whom they discussed payments for anything of value greater than that provided for by 28 U.S.C. § 1821. *See, e.g., Golden Door Jewelry Creations, Inc.*, at 1518-1522 (Special Master conducted hearings to find facts surrounding payments to two fact witnesses); *Wibaux Realty Co. v. Northern Pacific Railway Co.*, 54 P.2d 1175, 1180 (Mont. 1936) ("The payment of witness by litigants of any amount in excess of what the law provides should be scrutinized critically in every instance and is not to be encouraged . . . .").[3]

## CONCLUSION

For the reasons set forth above, the United States requests the Court enter an Order denying the Motion. In the alternative, the United States requests the Court enter an Order requiring the BlueWave Defendants to provide the following to the United States within thirty days:

    1.    All communications between Mr. Goix and the BlueWave Defendants,

---

[3] Even if the BlueWave Defendants' conduct relating to Mr. Goix was improper, there is no reason to believe the conduct disclosed by the Motion compromised the outcome of the trial. Any discovery of the issues raised by the instant Motion should therefore not affect resolution of the pending post-trial motions.

their counsel or anyone acting on their behalf. Such communications include emails, letters and electronic device communications (including audio call records, texts and app-based communications).

2. All drafts, including all metadata, of the Declaration of Philippe Goix, attached as Exhibit B to the Motion.

3. A sworn declaration regarding whether the BlueWave Defendants, their counsel or anyone acting on their behalf discussed the possibility of receiving payment other than that provided by 28 U.S.C. § 1821 with any other fact witness(es) during discovery and/or trial and, if so, which witness(es), and a summary of the substance of those discussions.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

LANCE CRICK
Acting United States Attorney
First Assistant United States Attorney

By: s/James C. Leventis, Jr.
JAMES C. LEVENTIS, JR. (#9406)
JENNIFER J. ALDRICH (#6035)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, S.C. 29201
Telephone (803) 929-3000
James.Leventis@usdoj.gov

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
ELIZABETH STRAWN
MICHAEL EDMUND SHAHEEN

CHRISTOPHER TERRANOVA
MICHAEL KASS
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC  20044

March 30, 2018